### EX PARTE T. W. HOUSE, JR.

1. The charter of a fire company, enacted in 1848, exempted the members of the company from jury duty. *Held,* that this exemption is not repugnant to the 45th Section of the 12th Article of the Constitution of 1869, which declares that "all the qualified voters of each county shall "also be qualified jurors of such county."

2. The title of an act of incorporation was "An Act to incorporate Protec- "tion Fire Company No. 1, City of Houston," and one section of the Act

exempted members of the company from jury duty. *Held*, that this exemption does not render the Act obnoxious to the constitutional requirement that " every law enacted by the Legislature shall embrace but one " object, and that shall be expressed in the title." .

3. *Quære;* Whether an exemption of members of a fire company from jury duty, by the charter of the company; is a contract which cannot be impaired by the provisions of a State Constitution. subsequently adopted ?

APPEAL from Harris. Tried below before the Hon. James Masterson.

The relator, House, being summoned as a juror, insisted on his exemption as a member of the fire company. He introduced the charter of the company, and proved his membership. The district judge took a different view of the matter and held him to service—from which he appeals.

*Gustave Cook*, and *Munson & Usher*, for appellant.

*Wm. Alexander, Attorney-General, contra.*

The object of the Act in question is the organization of a fire company, not the exemption of qualified jurors; and it is submitted to the court, whether these are not two subjects, which, under the Constitution, should have each a separate enactment.

WALKER J. There is no repugnancy, in the charter of a fire company which exempts the individual members of the company from ·jury duty, to Section 45, Article 12 of the Constitution of 1869.

The decision of this case may be referred to the opinion of this court in Tadlock *v.* Eccles, 20 Texas, 792. The case of Gould *v.* the City of San Antonio, is not in conflict with this opinion. The Constitution requires that every Act of the Legislature shall embrace but one object, and that shall be expressed in the title. There was but one object contained in the Act incorporating Protection· Fire Company No. 1, viz.: to create a fire company with a certain privilege to its members.

Had the Act provided that the City of Houston might convert this fire company into a banking or insurance company, subscribing stock, and levying taxes upon the people, for the purpose of raising money to pay for the stock, or, had it been necessary to raise money by taxation or loan, to the support of the fire company, and the charter had provided for any or all of these things, it would have been in violation of the Constitution.

But, regarding the charter of the fire company as a contract, then it becomes a doubtful question, one which, however, has been decided in the negative by the Supreme Court of the United States, whether the people, by the adoption of an organic law, could take away the vested rights of the company. (See Trustees of Dartmouth College *v.* Woodward, 4 Wheaton, 518; Piqua Branch of the State Bank of Ohio *v.* Knoop, 16 Howard, 360.)

The judgment of the District Court is reversed, and the cause dismissed.

Reversed and dismissed.