### Ex Parte Haymon Krupp.

No. 2181.    Decided December 18, 1899.

**Jury and Jury Law—Exemption from Service—Members of Fire Companies.**

In cities and towns having a population of 1500 or more inhabitants, according to the last United States census, the active members of organized fire companies, not to exceed twenty to each 1000 inhabitants, are exempt from jury service where they have been selected by their company and their names furnished to the clerk of the district and county courts by the chief of the city fire department, as provided by law (Revised Statutes, articles 3142-3144); and the fact that they received no salary or compensation as active firemen does not affect the question of their exemption.


From El Paso County.

Original application to Court of Criminal Appeals from an order and judgment finding and committing relator to custody for contempt for failing and refusing to serve as a juror in the District Court.

The opinion states the case.

*Peyton F. Edwards,* for relator.

*Rob't A. John,* Assistant Attorney-General, for respondent.

BROOKS, Judge.—This is an original application for writ of habeas corpus.    The court remanded appellant to the custody of the officer until the fine of $50 imposed upon him for contempt of court in failing to serve as a juror in said court was paid.    The following are the findings of fact and conclusions of law filed by the judge, to wit:

"(1) That said Krupp was drawn as a juror by the jury com-

missioners of El Paso County to serve during the first week of the December term of this court, beginning the 4th day of December, 1899, and was duly summoned to appear and serve as such juror, and did appear on said 4th day of December, 1899, and claimed in open court, when called as such juror, to be exempt from jury service on the ground that he is an active member of an organized fire company of the city of El Paso, El Paso County, Texas, and that his name has been handed to the clerk of this court by the chief of the fire department in a list of firemen selected by the different companies to be exempt from jury service. (2) The city of El Paso has. 25,000 inhabitants, and is chartered by a special act of the Legislature, which contains the following provisions: 'Sec. 124. The city council shall have power to organize and maintain a fire department: provided that all volunteer companies may elect their own officers subject to the approval of the city council.' (3) That there is an organized volunteer fire department in said city of El Paso, comprising four fire companies, which department was established by an ordinance of the city council of the city of El Paso on April 7, 1890, and an amended ordinance approved November 21, 1893, which ordinances provide: That the officers of said fire department shall be one president, one vice-president for each company, one chief of department, one assistant chief of department, one secretary, and one treasurer, elected annually by the members of the fire department, and subject to confirmation by the city council. That there shall be a foreman, assistant foreman, secretary, and treasurer for each company, to be elected by the respective companies. Creates a board of fire directors, composed of all of the officers of the department, foreman and assistant foreman of each company, and three members from each company, elected by their respective companies. That the board of fire directors shall supervise and control said fire department, its officers, members, and employes, and that said board shall hold regular business meetings the second Wednesday in each month; and confers upon said board power to prescribe the duties of the officers, members, and employes of said fire department, to adopt rules and regulations for the management and discipline thereof, and the right to certify to the correctness of all claims, and demands for expenses of said department before the same shall be paid by the city council. That all members of the fire department shall perform such duties as may be prescribed from time to time by said board, and ordered to be executed by the chief of the department. That the fire department shall consist of such hose companies, hook and ladder and steamer companies as shall be recommended by the board of directors, each company not to exceed fifty members. (4) That said fire department and said companies hold regular meetings, and the organization of the department under the ordinances above recited is complete, and in full operation. (5) The board of fire directors have adopted by-laws regulating the

order of their business meetings and the duties of the companies and their respective members, which were approved by the city council. (6) That under said ordinances there are organized and maintained four volunteer fire companies of less than fifty members each, to wit, Julian Engine Company No. 1, Hook and Ladder Company No. 1, Hose Company No. 1, and Hose Company No. 2. That each of said fire companies has a constitution and by-laws, which provide for honorary members, and have honorary members, who are not active firemen. That said Haymon Krupp, Jr., is a member of Hose Company No. 1, and has been a member of said company for many years. That he is a merchant, a member of a mercantile firm, and devotes his time to his business, but attends the meetings of the company, and works at fires with the company when called out for service to extinguish a fire. (7) That on the 12th day of January, 1899, the chief of said fire department filed with the clerk of this court a list of the members of each of said companies, selected by their respective companies to be exempt from jury service as active firemen,—all of said members aggregating ninety-two firemen; and the name of said Haymon Krupp, Jr., with twenty-nine others, appears in said report as a member of Hose Company No. 1, so selected, as an active member of such company, to be exempt from jury service; and that said Krupp is still a member of said company. (8) That the city council of the city of El Paso recognizes said volunteer fire department as a branch of the city government, with full power to control and manage all the apparatus and means and firemen belonging to and connected with said department. (9) That the city council has provided said fire department with a suitable building and the following apparatus: Steam fire engine and two horses; extension hook and ladder company, with three horses; hose cart, with two horses; combination chemical engine, ladder, and hose cart, with two horses. That certain members of said volunteer fire department devote their whole time to the care and operation of said apparatus and horses, and are paid monthly salaries for this service; there being seven firemen who are thus paid. The chief of the fire department and secretary of the department each receive a monthly salary,—thus making nine firemen who are paid for their service by the city. The ordinances above recited, adopted by the city council of El Paso, provide that all those paid employes shall be under the control of the chief of the department, and give the board of directors the right to suspend or discharge those employes after trial before the board; and said ordinances also require that all paid employes, except the chief and secretary, shall room and board and constantly remain within one and one-half blocks of their headquarters, unless they have permission of the chief to be absent for a specified time. The remaining volunteer firemen, including the said Haymon Krupp, Jr., receive no salaries or compensation from the city or the fire department, except that said ordinance organizing the fire depart-

ment provides that in case a member of the fire department shall become disabled by reason of injuries received at a fire, so as to be unable to gain a livelihood, the board of directors of the fire department may allow said person a sum not to exceed $25 per month during such disability, to be paid by the city council.

"Upon the finding of the facts above stated, the conclusion of the court is that said Haymon Krupp, Jr., is not exempt from jury service as an active member of an organized fire company, and that the exemption could only extend to the members of the fire department of the city of El Paso who are paid for their services, and overruled the exemption claimed by said Haymon Krupp, Jr. Whereupon said Haymon Krupp, Jr., being present in open court, and represented by counsel, refused to be impaneled and serve as a juror in this court for the week beginning December 4, 1899. Therefore the court holds that said Haymon Krupp, Jr., is guilty of contempt of court, and imposes upon him a fine of $50 for such contempt, and entered judgment of the court on this day accordingly.

"A. M. Walthall,
"District Judge 34th Judicial District."

Subdivision 10, article 3142, Revised Statutes, 1895, reads as follows: "All competent jurors are liable to jury service, except the following persons: * * * 10. In cities and towns having a population of fifteen hundred or more inhabitants, according to the last preceding United States census, the active members of organized fire companies, not to exceed twenty to each one thousand of such inhabitants." Without reviewing the foregoing statement upon which relator was fined for contempt, we only deem it necessary to say that under said statement applicant is not liable to jury service. See arts. 3142-3144, Rev. Stats. 1895, and Ex Parte House, 36 Texas, 83. It is therefore ordered that the relator be discharged.

*Relator discharged.*

Davidson, Presiding Judge, absent.