## JOHN BATES v. THE STATE.

### No. 2489. Decided March 25, 1902.

**1.—Special Venire—Talesmen.**

Under provisions of article 649, Code of Criminal Procedure, where there has been a failure to select a jury from the special venire summoned, the court is required to order the sheriff to summons "any number of persons deemed advisable for the formation of the jury;" and in view of this provision it was error for the court to force defendant to use the jury for the week after exhausting the special venire. Following Weathersby v. State, 29 Texas Criminal Appeals, 307.

**2.—Leading Questions to Witnesses—Practice.**

Under no contingency should leading questions be asked witnesses unless they come within the rules authorizing the same.

Appeal from the District Court of Delta. Tried below before Hon. H. C. Conner.

Appeal from a conviction of murder in the second degree; penalty, six years imprisonment in the penitentiary.

Appellant was charged by the indictment with the murder of Joe Means, on the 30th day of January, 1901, by shooting him with a gun.

In view of the disposition made of the case on this appeal, a statement of the facts is unnecessary.

*Dudley & Sturgeon* and *Newman, Phillips,* and *L. D. King,* for appellants.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE. Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of six years.

By appellant's third bill of exceptions he complains: "That, after the special venire had been exhausted, the court, over his objections, had the names of the jurors for the week called, and thereupon had a list of such names made and handed to the defendant; whereupon the defendant objected to all of such jurors, because they had neither been summoned or drawn on said special venire, nor summoned as talesmen after the venire had been exhausted, which objection was overruled by the court, and the defendant was required to examine and pass upon said jurors; and when the name of G. E. Harvey was reached upon said list he was accepted by the State as a juror. Thereupon defendant challenged him for cause, on the ground that the juror had never been drawn or summoned on the special venire, nor summoned as a talesman in this case, as required by the statute, and was, therefore, not a legal juror; which challenge for cause was overruled by the court, and defendant was compelled to challenge him peremptorily. And thereupon the examination and acceptance of jurors proceeded until defendant had exhausted his challenges, and the last juror, W. S. Toon, a talesman, was sworn as a juror in this case after defendant had exhausted his fifteen challenges allowed him under the law. To all of which action defendant excepted." Article 649, Code of Criminal Procedure, provides: "When from any cause there is a failure to select a jury from those who have been summoned upon the special venire, the court shall order the sheriff to summon any number of persons that it may deem advisable for the formation of the jury." The above article was added by the revisers, and prior to the enactment of this article there was no law directing the procedure after the special venire had been exhausted. Hence we held the court committed no error in requiring defendant to resort to the regular jury for the week to secure a jury, after the exhaustion of the special venire. Roberts v. State, 5 Texas Crim. App., 141. This article, as stated in Weathersby v. State, 29 Texas Criminal Appeals, 307, was not called to our attention at the time that the cases of Cahn v. State, 27 Texas Criminal Appeals, 709, and Weaver v. State, 19 Texas Criminal Appeals, 547, were rendered. But it is a plain provision of the procedure, and it is error for the trial courts to disregard the same. It follows, therefore, that the learned trial court erred in forcing appellant to use the jury for the week, after exhausting the special venire; but the court should have followed the provisions of article 649, supra, in reference to summoning talesmen. The Legislature has seen fit to place the article in the procedure, and we have no power to disregard it.

We have carefully examined the court's charge in the light of all of the criticisms urged by appellant, and do not think any of them are well taken. The court did not err in failing to charge on accidental homicide and manslaughter. The charge is an admirable presentation of the law applicable to the facts of this case.

We note appellant strenuously insists that leading questions were asked by the prosecuting attorney. The explanation of the trial court appended to each bill presenting this matter shows appellant's objections are not well taken. However, we would suggest that under no contingency should this character of question be asked, unless it comes within the rules authorizing the same.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*