## JIM BURTON v. THE STATE.

### No. 2805.   Decided June 8, 1904.

**1.—Jury and Jury Law.**

Where the court required the sheriff to summons as talesmen the regular jurors summoned for the week, who were not, however, on the special venire ordered to try defendant for murder, to complete the panel, over the objection of defendant, the special venire having been exhausted, the judgment will be reversed.

**2.—Charge of the Court—Narcotics—Temporary Insanity.**

A charge upon temporary insanity produced· by the recent use of intoxicating liquors, which also mentions and includes the use of narcotics, is erroneous.

**3.—Same—Use of Drugs—Insanity.**

If the defendant's insanity was superinduced from the use of drugs and he was crazy from the use of such drugs at the time of the homicide, whether such use was recent or not, he would be entitled to an acquittal.

**4.—Presence of Defendant.**

Where the court permitted the jury after their retirement to recall a witness and restate his testimony, in the absence of the defendant, although counsel consented to the recall of the witness, the error is fatal.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of murder; penalty, imprisonment for life in the penitentiary.

The testimony for the State establishes an unprovoked killing with a gun. The defense introduced testimony that defendant was very drunk at the time of the homicide; also that defendant was addicted to the use of cocaine, morphine and other narcotics. Defendant testified that deceased struck him on the head with a whip, but the witnesses for the State testified that the deceased was doing nothing at the time.

*Thomas & Spellman,* for appellant.—Appellant was entitled to a jury summoned in accordance with law. It was an arbitrary act of the court to order the jury for the week summoned as talesmen to be passed upon by appellant as jurors, was unauthorized by law, and was in fact the court selecting the jury. Code Crim. Proc., art. 649; Weathersby v. State, 29 Texas Crim. App., 307; Brotherton v. State, 30 Texas Crim. App., 371; Thompson v. State, 33 Texas Crim. Rep., 217; Bates v. State, 43 Texas Crim. Rep., 589.

The court's charge upon temporary insanity produced by recent use of intoxicating liquors was erroneous, because it combines narcotics not embraced in the statute and restricts defendant's right arising by reason of temporary insanity, and makes his acts amenable to law under conditions the law does not impose; does not express a correct legal proposition.

If by the use of cocaine and morphine appellant's mind was so affected as to render, it incapable of forming a criminal intent, no act done under such conditions could be held criminal, although combined with recent excessive use of intoxicating liquors. Edwards v. State, 38th Texas Crim. Rep., 386; Edwards v. State, 54 S. W. Rep., 589; McLain Crim. Law., sec. 159; Roberts v. People, 19 Mich., 401; Terrell v. State, 74 Wis., 278; Terrell v. State, 42 N. W. Rep., 243.

Appellant's right to be confronted with his witnesses and to be present during the progress and at every step of his trial, was abridged by recalling and examining witness John Wilson in appellant's absence. Code Crim. Proc., arts. 735, 736; Barton v. State, 9 Texas Crim. App., 261; Ship v. State, 11 Texas Crim. App., 46; Granger v. State, 11 Texas Crim. App., 454; Mapes v. State, 13 Texas Crim. App., 85.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of murder in the first degree and his punishment assessed at confinement in the penitentiary for life.

The sixth bill of exceptions shows that after the exhaustion of the

special venire, six jurors having been chosen, the court ordered the sheriff to call the roll of jurors summoned for the week. To which action of the court defendant objected, because said jurors had not been regularly summoned in this cause in accordance with the law. Whereupon the court instructed the sheriff to summon as talesmen the jury for the week, and proceeded to interrogate one of said jurors, when defendant again interposed objection, which was overruled. The examination continued until four of said jurors summoned for the week had been examined and passed upon as jurors, one of whom was selected and sworn as a juror in this cause. To which examination of said jurors appellant objected. Whereupon the court directed the sheriff to call the jurors summoned for the week and summon them as jurors in this case, which the sheriff did, calling all of the jurors present summoned for the week, including the four already passed upon, and two additional jurors, who were chosen from said venire for the week to sit as jurors in this cause. To which appellant objected. This bill is approved with the following qualification: "When the venire had been exhausted it appeared that six special veniremen who had been duly summoned had not appeared and answered. The court thereupon asked counsel for the defense what was their pleasure in the matter. They replied they had no desire to delay the proceedings and were willing to proceed without the issuance of attachments for absent jurors. When the jury for the week had been passed on and three jurors accepted both by State and defendant, talesmen were ordered, out of which defendant selected three more jurors, completing the panel, having four peremptory challenges remaining unused." As we understand the qualification of the court, it does not contravene the fact that appellant objected to the court requiring the sheriff to summon the jury as talesmen. The statute expressly inhibits this being done. Wethersby v. State, 29 Texas Crim. App., 307; Bates v. State, 43 Texas Crim. Rep., 589; Brotherton v. State, 30 Texas Crim. App., 369; Thompson v State, 33 Texas Crim. Rep., 217.

Appellant complains that the court charged upon temporary insanity produced by the recent use of intoxicating liquors, because said charge combines narcotics not embraced in the statute, and restricts defendant's rights by reason of temporary insanity, and makes his acts amenable to law under conditions that the law does not impose. It will be observed by reference to the statute that the Legislature merely provides that the recent use of intoxicating liquors authorizes a reduction of the punishment and does not incorporate within its provisions the recent use of narcotics, cocaine, etc. The charge of the court is erroneous. Appellant is entitled to a distinctive charge on the recent use of intoxicating liquor, disassociated from narcotics of any character. If he was insane from the use of drugs, such as cocaine and morphine, then he was entitled to a distinctive charge on this issue. It is true the court charged upon the general issue of insanity, but he did not

tell the jury that if appellant's insanity was superinduced from the use of drugs, and he was crazy from the use of such drugs at the time of the homicide, whether such use was recent or not, he would be entitled to an acquittal. Otto v. State, decided at present term. Edwards v. State, 38 Texas Crim. Rep., 386; 54 S. W. Rep., 590.

It is made to appear that after the jury had retired they desired witness Wilson recalled to restate his testimony. Appellant's counsel consented to the recall, and the court permitted the witness to restate his testimony before the jury. However, the defendant was not present but at the time was confined in jail. It is the duty of the court to see that defendant is personally present during the admission of evidence and trial of the case. Arts. 735-736, Code Crim. Proc.; Barton v. State, 9 Texas Crim. App., 261; Ship v. State, 11 Texas Crim. App., 46; Maples v. State, 13 Texas Crim. App., 85. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*