## JIM PHILLIPS V. THE STATE.

No. 3667.　Decided December 12, 1906.

**1.—Murder in Second Degree—Dying Declaration—Voluntary Statement.**

Upon a trial for murder where the evidence showed that deceased was conscious of approaching death; that his mind was in proper condition to make a statement in regard to the homicide; that he first made the statement orally, and subsequently on the next day he made a statement which was taken down in writing in response to questions that did not appear to suggest any desired answer, there was no error.

**2.—Same—Place of Homicide—Uncontroverted Fact.**

Upon trial for murder, where there was no controversy that the homicide occurred at a particular place, there was no error for a witness to describe a place pointed out to him as the one where the homicide occurred.

**3.—Charge of Court—Temporary Insanity—Whisky—Morphine—Statutes Construed.**

Upon trial for murder where the evidence showed that at the time of the homicide the defendant had drunk heavily of alcohol mixed with water, and that he had taken two tablets of morphine on the day of the homicide, and that the defendant had been using morphine for some time prior and that the effects of whisky and morphine would render him insane, the court should have charged the jury under article 41, Penal Code, and the decisions thereon that if defendant was insane at the time of the homicide from the use of morphine or from the combined use of whisky and morphine to such an extent that he did not know what he did was wrong, to acquit him. See charge of court which did not submit the law properly in the premises.

**4.—Same—Burden of Proof.**

See opinion for a charge of the court which, though not artistically drawn, was not subject to the criticism that it cast the burden of proof on defendant.

Appeal from the District Court of Bosque. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Dillard & Word* and *Cureton & Cureton,* for appellant.—On question of dying declaration: Phillips v. State, 94 S. W. Rep., 1051; Craven v. State, 90 S. W. Rep., 311; Wilson v. State, 90 S. W. Rep., 314; Long v. State, 88 S. W. Rep., 205; Ex parte Meyers, 33 Texas Crim. Rep., 217.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of murder in the second degree, and his punishment fixed at confinement in the penitentiary for a term of twenty-five years; hence this appeal.

This is the second appeal. Phillips v. State, 94 S. W. Rep., 1051. The facts briefly stated show that prior to the homicide appellant and deceased were on friendly terms. They, together with John Berry, had spent the night before at a place not far from the little town of Eulogy, with Hudson, related to one of the parties. In the evening of the next day they were returning to Hudson's to spend the night. They had procured some alcohol, and were drinking it. The State's theory was to the effect that appellant was perhaps under the influence of alcohol, and without any provocation attacked deceased and cut him with a knife, which caused his death. At the same time he made an attack on Berry, who fled from him. The theory of appellant was to the effect that he was laboring under temporary insanity produced from the use of morphine, or the combined use of morphine and alcohol, and that he was not responsible for his act.

Appellant objected to the introduction of the dying declarations in evidence, on the ground that deceased was not conscious of approaching death, and that he was laboring under the influence of narcotics at the time. And in addition that said declarations were superinduced

by questions asked deceased. We do not believe that either of these objections are well taken. Spears' testimony shows very clearly that deceased was conscious of approaching death. It also occurs to us that his mind was in proper condition to make the statement in regard to the killing. It does not appear that his statements were induced by any questions calculated to make a particular statement. What he stated was mostly of a negative character; that appellant cut him; he was not doing anything, and he did not know what he cut him for. It seems that what he said to Spears was not taken down in writing, but was made orally that night. Subsequently on the next day, he made a statement which was taken down in writing. In this last statement it appears that the questions were propounded and read over to the witness and he answered them; but the questions do not appear to us to suggest any desired answer.

It seems to us that it was competent for the witness to describe the place pointed out to him as where the homicide occurred. It does not appear to be controverted that it occurred at that particular place, and it does not seem to us to be material at what particular point it did occur, or the particular nature of the ground where it did occur.

One of appellant's defenses was that he was drunk and insane, both from the use of whisky and morphine. His own testimony showed that on the evening in question, he, deceased and Berry had drunk heavily of alcohol mixed with water, and he showed by his own testimony that he had taken two tablets of morphine during the day prior to the homicide. By his own testimony and that of one or two other witnesses it was shown that he had been using morphine for some time prior, and that the effect of whisky and morphine was to render him insane. On this subject the court charged the jury, as follows: "You are charged that intoxication produced by the voluntary recent use of ardent spirits, constitutes no excuse for the commission of crime; however, in a case where the defendant is accused of murder, as in the case before you, you may take into consideration the mental condition of the defendant for the purpose of determining what penalty if any, should be found against him. You are therefore charged, if you believe beyond a reasonable doubt that the defendant killed the deceased, as charged in the indictment, unless you believe from the evidence that he was insane as a result of the use of intoxicating liquor and morphine and by the indulgence of other practices, or was of such low order of mind, to the extent that he did not know the difference between the right and wrong as to the particular act charged against him, as explained in the next preceding paragraph of this charge,—even though you should believe from the evidence that the defendant was intoxicated from the recent use of ardent spirits, that fact can not be considered by you in mitigation of the penalty, unless the said intoxication, if any, went to the extent of producing temporary insanity at the time of the commission of the offense, if any; and if you believe that said intoxication, if any, did go to the extent of temporary insanity, you

must then consider the same in determining the penalty that you assess, if any." This charge is objected to, because it was not a clear and affirmative charge on the subject, is confused and misleading. Under article 41, Penal Code, and the decisions interpreting the same, appellant was entitled to a charge on insanity, produced by the recent use of ardent spirits. Appellant having been acquitted of murder in the first degree, it would only go in mitigation of the penalty that the jury might assess against appellant, if they found him guilty of murder in the second degree or manslaughter. This was not a clear enunciation of the law. Besides this, appellant was entitled to a charge on insanity produced by morphine, or by the combined use of morphine and ardent spirits. In such case, as we understand the law, if he was insane from the use of morphine or from the combined use of whisky and morphine to such an extent that he did not know what he was doing at the time of the alleged homicide, or did not know what he did was wrong, he would be entitled to an acquittal. The charge given was a conglomeration, and not a clear and affirmative charge upon any of the subjects above indicated, but was calculated to confuse and mislead the jury. It certainly did not give them a clear measure as to their duty in the premises. For a discussion of insanity produced by the use of morphine or morphine and ardent spirits in combination, see Edwards v. State, 43 S. W. Rep., 112; Burton v. State, 81 S. W. Rep., 742. In the Edwards case, supra, it is held that our statute in reference to ardent spirits and intoxication produced thereby has no relation to insanity produced by morphine or other drugs, or a combination of such drugs and whisky; and that the defense under such proof does not come under our statute with reference to ardent spirits, but if the same produces such insanity as renders a person irresponsible, that is incapable of knowing and understanding the right and wrong of the particular act which he commits, he is entitled to an acquittal. Appellant asked charges to this effect. If the court was not satisfied with these, he should have himself given a clear enunciation of the law, in order that the rights of appellant under his defense and the proof developed by him in that regard, should have been fully protected. The charge heretofore copied did not do this.

Appellant also complains of the court's charge on appellant being of a low order of intellect to such an extent that he did not know right from wrong. So far as we recall the evidence, there was no testimony indicating this character of defense. The charge, though not artistically drawn, was not subject to the criticism of appellant, as we do not believe it cast the burden of proof on appellant to establish beyond a reasonable doubt that he was of such low order of intellect as not to be capable of understanding right and wrong of the act alleged to have been committed by him.

It may be, that if a charge on the subject of insanity had been properly submitted to the jury, that they would have found appellant

was not insane but amenable to the law. However, this is purely speculative. Whenever the accused offers testimony of such a character as to constitute a defense to the prosecution, this defense should not be withheld from the jury, but appellant is entitled to the benefit of it in a clear and affirmative manner. This was not done in this case.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.