## W. W. Lawrence v. The State.

### No. 1486.   Decided January 31, 1912.

**1.—Murder—Insanity—Charge of Court.**

Where, upon trial of murder, the issue of insanity from the use of intoxicating liquors and drugs was raised by the evidence, the court should have charged the jury that if the defendant was temporarily insane from the use of intoxicating liquors alone, it could be considered by them in determining the degree of murder and in mitigation of the penalty; but if they found defendant was insane, and such insanity was caused by the use of drugs or the use of drugs and ardent spirits combined, he should be acquitted.

**2.—Same—Rule Stated—Insanity—Drugs—Ardent Spirits—Statutes Construed —Common Law.**

If a person is insane, and the insanity was caused by the use of drugs alone, or by the use of drugs and ardent spirits combined, the common law rule prevails, and he should be acquitted. If the temporary insanity is caused by the use of ardent spirits alone, then the law as announced in article 41, Penal Code, should be applied.

Appeal from the District Court of Matagorda.   Tried below before the Hon. Wells Thompson.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The following are the dying declarations of the deceased: "I, R. H. Bucheit, believing that I am going to die, make this my dying statement.   This evening about six o'clock, I phoned to Mr. Will Lawrence that I was going to quit.   He said, "No, you are not either," and we never said no more.   About eight o'clock he rang me up and said, "You have got to leave the field, go down and get your check."   I said, "No, I won't," and about eight-thirty, he came here to the door and knocked at the door.   I opened the door and he came in and asked me how the well was, and I told him all right, and about that time he began shooting me; he shot once and blood-shot my arm, and then shot me in the stomach and run.   I was sitting on the bed and he was standing up when he shot me."   The State had no other eye-witnesses, but the shooting was heard in the room of the deceased by other witnesses who saw the defendant and another approach the house and leave it again.   There were many other circumstances in evidence sustaining the dying declarations.

The question of temporary and permanent insanity were raised by defendant's evidence as disclosed in the opinion of the court.

*Holland & Krause,* for appellant.—The court should have given a distinctive charge on the recent use of intoxicating liquor, disassociated from narcotics or drugs of any character: Burton v. State, 46 Texas Crim. Rep., 493, 81 S. W. Rep., 742; Hierhalzer v. State, 47 Texas Crim. Rep., 199, 83 id., 836; Phillips v. State, 50 Texas Crim. Rep., 481, 98 S. W. Rep., 868; Edwards v. State, 54 S. W. Rep., 589; Miller v. State, 105 id., 502.

If insanity was superinduced from the use of drugs alone or combined with intoxicating liquor, whether such use was recent or not, the defendant was entitled to an acquittal: Otto v. State, 47 Texas Crim. Rep., 128, 80 S. W. Rep., 525; Burton v. State, 46 Texas Crim. Rep., 493, 81 id., 742.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted, tried and convicted of murder in the first degree and his punishment assessed at imprisonment for life in the penitentiary.

There are a number of alleged errors assigned in the motion for a new trial, and we have carefully considered them, but none of them present error, unless it be in the grounds alleged in paragraphs one to six, all of which relate to the same matter, presenting it from a different viewpoint in each different ground in the motion. The court instructed the jury:

"In this case evidence has been introduced, in behalf of the defendant, to show that at the time of the commission of the offense (if any) he was in a state of drunkenness, or intoxication, produced by the recent use of ardent spirits, and drugs or both, and as to this phase of the case you are instructed: That neither intoxication nor temporary insanity of mind, produced by the voluntary recent use of ardent spirits, constitutes in this State any excuse for the commission of crime, nor does intoxication mitigate either the degree or penalty of the crime, but evidence of temporary insanity, produced by such recent use of ardent spirits and drugs, should be considered in determining the degree of murder (if any) of which the defendant may be found guilty and in mitigation of the penalty thereto attached.

"However, to be considered at all, the use of ardent spirits and drugs must have been indulged to the extent of producing temporary insanity, which is that degree of insanity that deprives the person of the capacity and power to distinguish between right and wrong as to the particular charge against him. In other words, 'temporary insanity' caused by drunkenness, is that condition of the mind (directly produced by the use of ardent spirits and drugs) where the state of intoxication reaches such a degree that the person becomes incapable of knowing that the act he is doing is wrong and criminal. Where such is the case, he is in a condition of temporary insanity within the meaning of our statutes."

Appellant insists that this charge is error in that it instructs the jury that if he was insane from the use of ardent spirits and drugs it was no defense, but it could be considered only in determining the degree of murder, and in mitigation of the punishment; (2) That appellant was entitled to have an instruction given that if he was insane from such causes, he should be acquitted; (3) That he was entitled to have a charge given that if he was insane from the recent use of ardent spirits alone, it should be considered in fixing the degree of murder and in mitigation of the punishment. In the case of Phillips v. The State, 50 Texas Crim. Rep., 484, this court held: "Under article 41, Penal Code, and the decisions interpreting the same, appellant was entitled to a charge on insanity, produced by the recent use of ardent spirits. Appellant having been acquitted of murder in the first degree, it could only go in mitigation of the penalty that the jury might assess against appellant, if they found him guilty of murder in the second degree, of manslaughter. This charge was not a clear enunciation of the law. Besides this, appellant was entitled to a charge on insanity produced by morphine, or by the combined use of morphine and ardent spirits. In such case, as we understand the law, if he was insane from the use of morphine or from the combined use of whisky and morphine to such an extent that he did not know what he was doing at the time of the alleged homicide, or did not know what he did was wrong, he would be entitled to an acquittal. The charge given was a conglomeration, and not a clear and affirmative charge upon any of the subjects above indicated, but was calculated to confuse and mislead the jury. It certainly did not give them a clear measure as to their duty in the premises. For a discussion of insanity produced by the use of morphine or morphine and ardent spirits in combination, see Edwards v. State, 38 Texas Crim. Rep., 515, 43 S. W. Rep., 112; Burton v. State, 46 Texas Crim. Rep., 493, 81 S. W. Rep., 742. In the Edwards case, supra, it is held that our statute in reference to ardent spirits and intoxication produced thereby has no relation to insanity produced by morphine or other drugs, or a combination of such drugs and whisky; and that the defense under such proof does not come under our statute with reference to ardent spirits, but if the same produces such insanity as renders a person irresponsible, that is incapable of knowing and understanding the right and wrong of the particular act which he commits, he is entitled to an acquittal." In the case of Edwards v. The State, cited in the above opinion, it is said: "And we go further, and hold that, if his mind was rendered insane by the combined recent use of cocaine and morphine and intoxicating liquors, and that on such acount he was not capable of forming the intent necessary to constitute an assault with intent to murder, he would not be guilty of said offense. We believe it is a correct legal principle, where there is insanity produced by other causes in conjunction with the recent use of intoxicating liquor, that an act done in such a state of mind can not be attributed solely to the

recent use of intoxicating liquors. See 1 McClain Crim. Law, sec. 159; Roberts v. People, 19 Mich., 401; Terrill v. State, 74 Wis., 278, 42 N. W. Rep., 243." These decisions appear to correctly state the construction placed on article 41 of the Penal Code since its adoption by this court, and the charge of the court in this case is erroneous in not instructing the jury that if he was insane from the use of drugs, or from the use of intoxicating liquor and drugs, he should be acquitted. The statute applies to temporary insanity produced by the voluntary use of intoxicating liquors alone. Upon another trial of this case the court should instruct the jury that if appellant was temporarily insane from the use of intoxicating liquors alone, it could be considered by them in determining the degree of murder and in mitigation of the penalty, but if they found appellant was insane, and such insanity was caused by the use of drugs or the use of drugs and ardent spirits combined, he should be acquitted. Under the evidence in this case, appellant would be entitled to have both theories submitted to the jury. There are no bills of exceptions in the record, and as hereinbefore stated, none of the other assignments present any error, but we can not say that the error above pointed out was not such as was probably calculated to injure the rights of appellant. Trial courts should remember that this court, in its decisions, has drawn a clear line of demarkation in this character of case. If a person is insane, and the insanity was caused by the use of drugs alone or by the drugs and ardent spirits combined, the common law rule prevails, and he should be acquitted. If the temporary insanity is caused by the use of ardent spirits alone, then the law as announced in article 41 of the Penal Code should be applied to the case. In this case the evidence perhaps raises both issues and both should be submitted under appropriate charges.

*Reversed and remanded.*