RUSSELL A. POTTER V. STATE

No. 29,297. November 27, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 15, 1958.

*Floyd Duke James,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* District Attorney, *Anthony J. Ferro,* Assistant District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $100.00.

The testimony of the arresting officer and operator of the drunkometer test need not be set forth in detail, other than that they testified that in their opinion the appellant was intoxicated at the time of the collision and after he was brought to jail. This is so because the appellant, testifying in his own behalf, stated that he had drunk about eight or nine bottles of beer and part of a bottle of wine on the day in question.

In his brief, the appellant contends that the evidence shows that he was insane and the trial court who heard the case, without the intervention of a jury, erred in not finding him not guilty by reason of insanity.

The appellant testified that he had been drinking for twenty years, that he had gone to a doctor approximately a year before his arrest for a nervous disorder, and had been advised to stop drinking. He also stated that he had been taking some cold medi-

cine at the time he was drinking and that after he took it he felt "a little bit dizzy." He further testified that immediately after his release from jail he could not remember having been given the drunkometer test but that after two weeks he did remember that he had been given the test.

Under Article 36, V.A.P.C., temporary insanity produced by the use of ardent spirits is not a defense to crime but is only admissible in mitigation of the penalty. We only observe that the appellant received near the minimum punishment, and there is no evidence in this record that the appellant did not know the difference between right and wrong on the day in question or at any other time. This has been the test of insanity in this state for many years.

Appellant next contends that the trial court's judgment of guilty was improper in view of his plea and that the court should have responded to his request to file findings of facts and conclusions of law. We are cited no authority in support of this contention nor are we aware of any.

Finding no reversible error, the judgment of the trial court is affirmed.