Joseph Carl **KELLY**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 42080.

Court of Criminal Appeals of Texas.

June 4, 1969.

Rehearing Denied July 16, 1969.

Owen H. Ellington, El Paso, for appellant.

Barton Boling, Dist. Atty., James H. Kreimeyer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the offense of robbery by assault; the punishment was assessed by the court at twelve years.

The record reflects that appellant, accompanied by a woman, robbed the cashier of Furr's Cafeteria in El Paso of five hundred twenty-eight dollars by exhibiting a pistol. The sufficiency of the evidence to establish the act of robbery is not challenged.

Appellant contends that the trial court erred in finding him guilty because the evidence showed that he was under the influence of drugs and did not know what he was doing at the time of the robbery. He testified that he had been to New Mexico to assist customs officers in narcotics cases. There he was in a room where narcotics were being used and he went to sleep; that someone must have administered to him some drugs without his knowledge. He later took some sort of pills for a headache. He drank liquor and was more or less blacked out for six days which included the time of the robbery.

In support of his contention that one who is temporarily insane because of the recent use of narcotics cannot be guilty of committing a crime, he cites Moss v. State, 57 Tex.Cr.R. 620, 124 S.W. 647, and Edwards v. State, Tex.Cr.App., 54 S.W. 589. The cases of Lawrence v. State, 65 Tex. Cr.R. 93, 143 S.W. 636; Phillips v. State, 50 Tex.Cr.R. 481, 98 S.W. 868, and Cannon v. State, 41 Tex.Cr.R. 467, 56 S.W. 351, are cited to show that one insane from the combined use of drugs and intoxicants so as not to know what he was doing cannot be convicted for a crime. All of these cases were decided before 1939 when the statute pertaining to the recent use of alcohol as a defense was amended to include narcotics or a combination of alcohol and narcotics. Article 36, Vernon's Ann.P.C., as amended, reads as follows:

"Neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits, intoxicating liquor, or narcotics, or a combination thereof, shall constitute any excuse for the commission of crime. Evidence of temporary insanity produced, however, by such use of ardent spirits, intoxicating liquor or narcotics, or a combination thereof, may be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried.

"When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquor or by narcotics or by a combination thereof, the judge shall charge the jury in accordance with the provisions of this Article."

In Potter v. State, 165 Tex.Cr.R. 480, 308 S.W.2d 51, the accused was convicted for driving while intoxicated before a court without a jury. He urged that he should have been found not guilty because of insanity. Potter testified that he had been drinking all day and had been taking some cold medicine. This court held that temporary insanity produced by the use of ardent spirits is not a defense to a crime but is only admissible in mitigation of punishment under Art. 36, supra.

■ In the present case, the psychiatrist, who was appointed by the court, was called by appellant and testified that in his opinion Kelly, the appellant, was sane and "knew what was going on."

The trial court, the trier of facts, had before it sufficient evidence to find appellant sane and guilty. The judge may have considered the testimony of Kelly in miti-

728

gation of punishment, because he assessed a penalty of twelve years, and Article 1408, V.A.P.C., provides that the penalty for robbery by assault may be for life or for any term of years not less than five. The first ground of error is overruled.

In the second ground of error complaint is made that appellant was denied a constitutional right, because he was not allowed to select his own psychiatrist to testify about his sanity. Appellant requested the appointment of a psychiatrist. Dr. Joseph Hornisher was appointed by the court. There was no objection to this appointment before, during, or after the trial. In fact appellant called Dr. Hornisher to testify concerning his sanity at the time of the offense. No request to select a psychiatrist of his own choice was made until the motion for new trial was filed.

No error is shown. Nothing is presented for review.

The judgment is affirmed.