Michael J. ST. PE, Appellant,

v.

The STATE of Texas, Appellee.

No. 46206.

Court of Criminal Appeals of Texas.

June 6, 1973.

Will Gray, (on appeal only) Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Andy Horne, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of heroin. Punishment was assessed by the jury at seven years.

Appellant contends that the court erred in refusing to permit counsel for appellant, in his opening statement to the jury, at the guilt stage of the trial, to inform the jurors that appellant intended to prove temporary insanity due to the voluntary use of drugs in mitigation of punishment.

In support of this contention, appellant relies on Article 36.01, Vernon's Ann.C. C.P., providing for "Order of proceeding in trial." After the testimony on the part of the State has been offered, Section 5 of said Article provides that the next proceeding shall be, "The nature of the defenses relied upon and the facts expected

to be proved in their support shall be stated by defendant's counsel."

■ The pertinent portion of Article 36, Vernon's Ann.P.C., provides that "neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits, intoxicating liquor, or narcotics, or dangerous drugs, or a combination thereof, shall constitute any excuse for the commission of crime. Evidence of temporary insanity produced, however, by use of ardent spirits, intoxicating liquor, narcotics, or dangerous drugs, or a combination thereof, may be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried." See Kelly v. State, Tex.Cr.App., 442 S.W.2d 726.' Thus, temporary insanity due to voluntary use of drugs is not a defense nor are facts in support thereof matters which come within the ambit of Article 36.01, Section 5, V.A.C.C.P., providing that the defendant shall state "defenses relied upon and the facts expected to be proved in their support" in his opening statement.

■ We conclude that the court was not in error in refusing to permit appellant's counsel to inform the jurors that appellant intended to prove temporary insanity by the voluntary use of drugs in mitigation of punishment in his opening statement.

■ Appellant contends that the court erred in denying him the right to present the opinion testimony of a doctor regarding the issue of temporary insanity produced by the voluntary use of drugs in mitigation of punishment.

Dr. Ruben D. Rumbaut, a psychiatrist at the Veterans Administration Hospital in Houston, testified at the punishment stage of the trial that appellant was admitted to the hospital on August 10, 1971. The offense for which appellant was convicted occurred on April 6, 1971. Appellant was under the care of Dr. Rumbaut from admittance until October 14, 1971. Dr. Rumbaut stated that appellant was not a hard core addict and described at some length appel-

lant's behavior while he was in the hospital and reviewed the treatment given him while he was a patient. The testimony excluded from the jury about which appellant complains was in response to hypothetical questions, wherein Dr. Rumbaut was asked to express an opinion as to a person's mental condition where that person had been very high on a narcotic drug over a two day period. While all of the questions asked Dr. Rumbaut out of the presence of the jury and excluded by the court were not couched in this exact language, the foregoing question is representative and contains the substance of appellant's questions. The answers of the doctor were highly qualified, stating that the effect of the drug depended on "degree or intensity of what you are taking, potency and the amount you are taking, and your own tolerance or weakness for that substance." In response to a question of whether a person under such drug use would be able to conform his conduct with the standard required, Dr. Rumbaut answered, "This would depend a lot in the previous personality of any given individual." Dr. Rumbaut further testified that other considerations germane in determining what effect the use of drugs has on a person are maturity, standards, control, intelligence and education possessed by the individual. Other considerations listed by the doctor were the amount a person eats and how much he has been able to sleep. When inquiry was made about the ability of a person to distinguish between right and wrong while he was having hallucinations, the doctor testified that "it depends on circumstances," and, "depends on what you call the law," and then stated, "There are a lot of things in the law that are subtle, other things against the law are very obvious."

Appellant concludes that the foregoing testimony was critical but cites no authority in support of his position.

The excluded testimony about which appellant complains can be summarized: Dr. Rumbaut testified that there are many fac-

tors to be considered in determining what effect drugs may have on an individual and without knowledge of these facts he was unable to express an opinion. Such testimony is without probative value, and we find that the court did not err in excluding same.

The judgment is affirmed.

Opinion approved by the Court.