**Ellis N. GRAYSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43997.**

Court of Criminal Appeals of Texas.

June 29, 1971.

B. E. Schwarzbach, Jr., El Paso, for appellant.

Jamie C. Boyd, Dist. Atty., Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for robbery by assault with the punishment being assessed at 8 years.

Appellant's brief alleges:

"There are four points which need to be considered:

" I. Defendant not ready to go to trial.

" II. Lack of positive identification of defendant.

"III. Obvious intoxication of defendant at the time of commission of any offense.

" IV. Severity and/or inapplicability of the particular punishment accorded defendant."

The record reflects that on February 4, 1970, appellant waived trial by jury and entered a plea of guilty before the court to the offense of robbery. The appellant having waived the appearance, confrontation and cross-examination of the witnesses, the State introduced the written statements of several witnesses. Thereafter, the appellant took the stand and testified he did not remember the incident in question and that he was under the influence of alcohol at the time alleged. When the appellant did not change his plea the court on its own motion changed the plea to not guilty.

Under the former Code of Criminal Procedure when such action occurred it was necessary to empanel a jury as a plea of not guilty in a felony case could not be heard before the court.

The 1965 Code of Criminal Procedure has no such requirement.

In the instant case the court, although it was not required to do so, offered to allow the appellant to withdraw his jury waiver and to proceed before a jury on his plea of not guilty.

After consultation with his court appointed trial counsel, the appellant stated he wanted to have his plea of not guilty heard before the judge. It appears that a second written jury waiver was then executed. No objection was offered to the procedure and no motion for continuance was filed. After a recess in order to afford the State an opportunity to secure its witnesses, the case resumed anew. The State called the complaining witness, his nephew and two police officers before the appellant again testified.

▇▇▇ It appears to be appellant's first contention that the court on its own motion, should have granted a continuance because of the change of plea. We cannot agree. Further, in absence of an objection or motion for continuance, nothing is presented for review.

▇▇▇ Next appellant urges that there was a lack of positive identification of him as the man who robbed the complaining witness, Rudy Burgheim, on October 2, 1969, in the Miami Men's Shop in El Paso. He bases this claim upon a sentence in Burgheim's written statement which reads: "I believe this is the man who robbed me." This written statement was offered by the State after appellant had pled guilty. After the withdrawal of such plea, and the en-

try of a not guilty plea, Burgheim testified and made a positive in-court identification of the appellant as his assailant. On cross-examination the following transpired:

"Q. Well, are you sure this is the man?

"A. I'm sure. I'm sure he is."

The record also reflects that Burgheim while alone in his store around 3 p. m. on the date in question was robbed of approximately $180.00 after he had been severely beaten. His nephew, who happened to pass the store, found Burgheim lying bloody and unconscious on the floor of the store. An ambulance and the police were called. At approximately 7:30 or 8 p. m. that evening it was reported to the police that someone was in the store trying to get out. The police found the appellant inside the store, a closet door partially opened, and subsequently discovered at the police station the appellant had $166.00 and one dime stuffed in the toe of one of his shoes.

We find no merit in appellant's contention.

Appellant also contends that there was no logical reason for him to have stayed in the store after the alleged offense unless he was "blind drunk."

Article 36, Vernon's Ann.P.C., provides that neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits, intoxicating liquor, etc., shall "constitute any excuse for the commission of a crime." Such statute does, however, provide that evidence of temporary insanity produced by use of intoxicants, ardent spirits, etc., may be used in mitigation of penalty.

Burgheim testified his assailant had been drinking but was not drunk. The arresting officers testified that five hours later appellant gave the appearance of a man who had been drinking. The appellant, a soldier, testified that the day before the alleged offense was payday and that he had been going from bar to bar in El Paso. We fail to see how the testimony offered without more would have invoked the provisions of Article 36, supra. If it was sufficient, there is no showing the court did not take the same into consideration when he assessed punishment at 8 years in a case where the complaining witness was badly beaten, requiring stitches in his head, and as a result of his beating suffered a stroke which left one arm slightly paralyzed.

Lastly, appellant complains of the "severity and/or inapplicability of the particular punishment accorded" him. The punishment assessed was within the statutory limits fixed by the legislature for the offense of robbery (Article 1408, V.A.P.C.), and is not excessive nor does it constitute cruel and unusual punishment. See Sonderup v. State, Tex.Cr.App., 418 S.W. 2d 807; Segura v. State, Tex.Cr.App., 427 S.W.2d 864; Miller v. State, Tex.Cr.App., 458 S.W.2d 680 and cases there cited.

The appeal is completely without merit.

The judgment is affirmed.