**Raymond Clifton BYRD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45730.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied March 28, 1973.

ness. After the witness was excused, the State offered the report in evidence. At appellant's request, the jury was removed and he objected to the introduction of the report and made a motion for mistrial. The court sustained his objection, overruled his motion and granted his request to instruct the jury to disregard the State's tender. The offense report was not admitted in evidence, its contents were not placed before the jury, and it is not in the record before us. No bad faith on the prosecution's part was shown. We are unable to conclude that the State's mere offer of the offense report, the existence of which was made known to the jury by the appellant, constituted error requiring a mistrial. Gregory v. State, Tex.Cr.App., 449 S.W. 2d 248.

Appellant's first ground of error is overruled.

Appellant's second ground of error complains of the court's failure to grant his requested charge on circumstantial evidence. The record reflects appellant was discovered inside the burglarized lounge by the wife of the owner, Don Caravella, who also testified she had locked the premises the previous evening. In Benton v. State, 164 Tex.Cr.R. 618, 302 S.W.2d 138, we cited Hall v. State, 161 Tex.Cr.R. 460, 278 S.W. 2d 297, with approval and concluded, as we do here, that:

". . . where an accused was found in [a place] in which he had no authority to be and to which the doors had been closed by the occupant sometime prior to the discovery of the accused, the evidence was sufficient to sustain the conviction for burglary and a charge on circumstantial evidence was not required."

Additionally, we note that some rubber bands, thumb tacks and the cash register keys, which were identified by the owner, were recovered from appellant's person as well as a quantity of quarters such as those

Will Gray, Houston, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell, Warren White, Asst. Dist Attys., Houston, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

Appellant's first ground of error is that the court erred in failing to grant his motion for mistrial following the State's tender of Officer Johnson's offense report in evidence.

During cross-examination of Johnson, appellant learned that he had prepared an offense report and, upon request, received the same from the State. Appellant then continued his cross-examination. He did not use the report to impeach the wit-

used to operate the burglarized juke box. Appellant's prints were found on the back of an aluminum strip which had been removed from the burglarized cigarette machine and on a window.

Appellant's second ground of error is overruled.

■ Appellant's third and fourth grounds of error relate to Article 36, V.A.P.C. Article 36, supra, provides that neither the use of dangerous drugs nor narcotics shall constitute any excuse for the commission of a crime. It does provide evidence of temporary insanity produced by the use of intoxicants may be used in mitigation of punishment.

Appellant's claim arises out of the following testimony of owner Don Caravella:

"Q. Did you form an opinion as to whether he knew the consequences of his acts at that time?

"A. I just know that he didn't act right, like something was wrong with him.

"Q. And was that something wrong mental or physical?

"A. Well, he just was like somebody that was drunk, you know, but he didn't seem to be drunk. He didn't smell to be drunk.

"Q. Well, let me ask you again: Did you form an opinion as to whether or not at that time he realized the results and consequences of his actions?

"A. He wasn't on the alert. He was like in a fog. He wasn't clear-minded.

"Q. He was like in a fog?

"A. Yes, sir."

The appellant did not testify and offered no evidence in his behalf. Caravella's testimony alone is insufficient to invoke the provisions of Article 36, supra. Grayson v. State, Tex.Cr.App., 468 S.W.2d 420.

Appellant next contends that he, as a recidivist, tried under the provisions of Article 63, V.A.P.C., was denied the benefit of Article 36, supra. However, since the evidence does not raise the issue of temporary insanity, appellant's contention is without merit.

Appellant's third and fourth grounds of error are overruled.

■ Appellant's fifth ground of error involves the charge on punishment in which the court instructed the jury to determine whether the appellant was the same person previously convicted in the causes alleged for enhancement. Appellant contends the court erred in failing to include the penalty for the primary offense in that charge.

Had the jury found under the charge submitted that appellant was not the person convicted in the two causes alleged for enhancement, then it would have been incumbent upon the court to submit the range of punishment for the primary offense. This eventuality did not arise. It would have been better practice to have submitted the possible punishment for the primary offense. See Willson's Tex.Crim.Forms Ann., 7th Ed., Section 3457. However, failure to so submit does not, under the situation here presented, constitute reversible error.

Finding no reversible error, the judgment is affirmed.