**Billy Lionel FULLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46793.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

In a joint trial before a jury with co-defendant Bernard Gibson, appellant was convicted for the offense of felony theft and the court assessed punishment at two (2) years' confinement in the Texas Department of Corrections.

The State's evidence reflects that on July 20, 1969 at approximately 8:30 in the morning Warren Lee Thomas observed two men approach the back fence of Love Field Plumbers Company located in Dallas. One of the men jumped the fence, removed various boxes and copper tubing from trucks parked on the yard and threw them over the fence to his companion, who placed the items in the trunk of a 1960 white Pontiac Bonneville automobile.

After writing down the license number of the vehicle, Thomas called the police and gave Investigating Officer B. E. Cauley a description of the vehicle and its occupants. Officer Cauley then made a radio call to the dispatcher requesting that the pair be stopped, giving their description and a description of the automobile.

At approximately 8:45 a. m. on the same day Dallas Police Officer W. E. Hall stopped a car which fit the above description for excessive speed. Not long thereafter Officer Cauley arrived and conducted a search which uncovered, among other things, boxes containing tools, copper fittings of different sizes, an electrical extension cord, rolls of copper tubing, an acetylene regulator and an electric welder cable.

Robert Glass, proprietor of Love Field Plumbers, testified that the majority of the unmarked items found in the trunk were his. It was further shown that the value of the items was in excess of $50.00.

Both the appellant and his co-defendant testified in their own behalf. Both denied knowing anything about the stolen property, and co-defendant Gibson testified that he told Officer Cauley someone else had borrowed his car earlier that morning.

In his first ground of error appellant contends the trial court erred in denying his motion for mistrial after the prosecutor asked Officer Cauley whether "either one of these defendants" offered an explanation of their possession of the stolen property at the scene of the arrest. Before the question was answered appellant's counsel's objection was sustained and the jury was instructed to disregard the question propounded. A motion for mistrial was overruled.

■ Ordinarily, the mere asking of a question which is not answered does not constitute reversible error. Lopez v. State,

482 S.W.2d 179 (Tex.Cr.App.1972). See also Mirowitz v. State, 449 S.W.2d 475 (Tex.Cr.App.1969). The question propounded must be obviously harmful to the defendant before this court will reverse a conviction. See Sensabaugh v. State, 426 S.W.2d 224 (Tex.Cr.App.1968); Mounts v. State, 148 Tex.Cr.R. 177, 185 S.W.2d 731 (1945).

In deciding such question it must be remembered that each case has its characteristics, and this court will look at the entire record with the surrounding circumstances and their possible relationship to other testimony in order to determine the probability or possibility of injury.

■ While it is without question that a defendant's silence at the time of his arrest cannot be used against him as a circumstance indicating guilt under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), we find the error in asking such question does not call for reversal in light of the testimony offered by the co-defendant Gibson. Even so, the court's instruction to the jury before the answer was given cured the error, if any.

■ In his next ground of error appellant complains of the prosecutor's questioning the State's witness Thomas concerning "anything unusual" taking place at the plumbing company on previous occasions. The witness replied that the "same thing" happened on two other occasions. After the answer, an objection was offered. At the outset it should be noted that appellant's objection was sustained without any further relief requested. Nothing is presented for review. See Boatright v. State, 472 S.W.2d 765 (Tex.Cr.App.1971); Jones v. State, 482 S.W.2d 634 (Tex.Cr.App. 1972); Easley v. State, 478 S.W.2d 539 (Tex.Cr.App.1972); Dunlap v. State, 477 S.W.2d 605 (Tex.Cr.App.1971).

■ Appellant also contends that the trial court erred in permitting the State to bolster the testimony of the witness Thomas "by the use of hearsay testimony."

The witness Thomas related he took down the license plate number of the car involved and gave such number to Officer Cauley, but he never did specifically identify the numbers. Officer Cauley was later permitted, over the objection of hearsay, to testify as to what license plate number he had been given by Thomas.

It was undisputed that the automobile in which appellant was a passenger matched the description given to the police by Thomas. Even though the testimony complained of is to be classified as hearsay, it is not so prejudicial as to require a new trial. The appellant has failed to show how he was prejudiced or harmed by the court's ruling, and we therefore conclude that the admission of such evidence was harmless error. See Haynes v. State, 482 S.W.2d 191 (Tex. Cr.App.1972).

In his next ground of error appellant complains that the trial court erred in not granting a mistrial after certain prejudicial remarks were made by the prosecutor "relative to the appellant's offering into evidence the notes of Officer Cauley concerning the arrest of the appellant."

■ During the cross-examination of Officer Cauley, the appellant requested the witness' notes used to refresh his memory. Upon tender of the report to defense counsel, the prosecutor remarked: "The State will waive any objection on the notes being admitted. You may feel free to admit them into evidence or do whatever you want to." The court sustained appellant's objection, instructed the jury to disregard "the offer of the District Attorney" and overruled the motion for mistrial. The offense report was not admitted into evidence, its contents were not placed before the jury and it is not in the record before us. This court condemns such sidebar remarks, but we are unable to conclude that reversible error is reflected in the instant case under the circumstances presented, including the court's prompt instruction. Cf. Byrd v. State, 491 S.W.2d 440 (Tex.Cr.App.1973); Gregory v. State, 449 S.W.2d 248 (Tex.

Cr.App.1970), and Reagan v. State, 423 S. W.2d 335 (Tex.Cr.App.1967).

■ Appellant also complains of the trial court's refusal to have Officer Hall's [1] notes made a part of the record for the purpose of appeal. After the officer had been cross-examined with the use of such notes, the appellant sought to have the same marked for identification by the court reporter. Upon the court's refusal to permit such action, appellant's counsel stated it was for the purpose of appeal, and asked that a photostat be made of them for "any upcoming action," to which the court simply stated, "We will take care of that when the time comes." No further or subsequent action was taken by appellant to incorporate the same into the appellate record. Cf. Leal v. State, 442 S.W.2d 736, 739 (Tex.Cr.App.1969) (concurring opinion). Having made use of such notes on cross-examination, the appellant fails to point out the necessity for incorporating such notes in the record or how he has been harmed. The contention is without merit.

■ Appellant further complains of the trial court's refusal to grant mistrial when the prosecutor used the word "partner" and later inquired of the co-defendant Gibson if "you all ever worked together before."

The record reflects that on cross-examination of Gibson the following question was asked:

"Q You and your partner were down here (courthouse) on November 26, 1969, weren't you?

"A November?

"Q Yes, 1969."

At this point appellant's objection to the use of the word "partner" was sustained and the jury instructed to disregard its use, but the mistrial motion was overruled. The prosecutor then used the word "co-defendant" in framing his question.

Later the record reflects that the prosecutor asked and determined that Gibson and the appellant had attended the same school "for a little while." Then Gibson was asked:

"Q Okay. Have you all ever worked toegether (sic) before, in the past?

"A No."

Upon objection the court suggested that the question be rephrased. When the prosecutor asked if the witness had ever worked with the co-defendant, the court sustained the objection and instructed the jury to disregard the question. The mistrial motion was overruled. The prosecutor then, without objection, inquired if the two had "ever been employed in the same job" and received an affirmative answer. The interrogation that followed, without objection, concerned the type of work in which the witness had engaged.

The appellant cites no authority to support his contention, and we have found none. We cannot conclude under the circumstances presented, including the court's instruction to disregard, that any reversible error is presented by the court's failure to grant the mistrial motions. See Mistrot v. State, 471 S.W.2d 831 (Tex.Cr.App.1971).

■ Appellant also complains he was denied a fair and impartial trial because of the inflammatory and prejudicial jury argument made by the prosecutor.

In a single ground of error appellant combines at least five examples of allegedly improper argument. The same clearly does not comport with the provisions of Article 40.09, § 9, Vernon's Ann.C.C.P., and nothing is presented for review. See Goad v. State, 464 S.W.2d 129 (Tex.Cr.App.1971).

Finding no reversible error, the judgment is affirmed.

---

1. Hall was one of the arresting officers.