James DEMOUCHETTE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47912–47914.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

George T. Ellis, Houston, for appellant.

Carol S. Vance, Dist. Atty., Gerald Goodwin and Ted Poe, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

These appeals are from an order revoking probation (No. 47,912), a conviction of burglary with intent to commit theft (No. 47,913), and a conviction for felony theft (No. 47,914). In each case, the punishment is for five years.

On September 22, 1972, appellant plead guilty to a charge of burglary with intent to commit theft, and was assessed the punishment of five years probated. Subsequently, he was charged in separate indictments with the offenses of burglary with intent to commit theft, and with felony theft, the offenses having been committed after he received the probated sentence. The State filed a motion to revoke the probation, and the motion and the causes for which appellant was indicted were tried together.

At this trial, appellant plead guilty and executed in due form stipulations in which he waived confrontation and cross-examination of witnesses, and judicially confessed his guilt as to each case. These alone were sufficient evidence to sustain the revocation, and the convictions. Ellis v. State, Tex.Cr.App., 502 S.W.2d 146 (1973).

Appellant's sole complaint on appeal is that the trial court erred in failing, sua sponte, to withdraw appellant's pleas of guilty, and to enter a plea of not guilty when the issue of insanity at the time of the commission of the offenses for which appellant was then on trial was raised. It is appellant's contention that he raised this issue in his answers to the trial court at the time the court was admonishing him of the consequences of his pleas of guilty. This contention is based on the following colloquy between the court and appellant at the admonishing stage:

"THE COURT: Have you ever been treated for any mental illness, disease or defect of the mind?

"THE DEFENDANT: No, sir.

"THE COURT: Do you feel you are of sound mind and know what you are doing here today?

"THE DEFENDANT: Yes.

"THE COURT: And that you were of sound mind back on the date of each of these offenses, November 9, 1972?

"THE DEFENDANT: No.

"THE COURT: You are saying you do not feel you were of sound mind at that time?

"THE DEFENDANT: Right.

"THE COURT: Have you ever been treated for any kind of mental illness?

"THE DEFENDANT: No, sir.

"THE COURT: What is the basis of your saying you don't feel you were of sound time at that time?

"THE DEFENDANT: Because I was full of drugs.

"THE COURT: You were what?

"MR. ELLIS[1]: He was taking drugs.

"THE COURT: You are saying you were under the influence of some sort of drugs or alcohol or what?

"THE DEFENDANT: Dope. Heroin.

"THE COURT: You were under the influence of drugs?

"THE DEFENDANT: Yes.

"THE COURT: I advise you that it is the law of this State that the voluntary use of narcotics or drugs will not justify or excuse one from being charged or being held accountable for any criminal offense he commits. It may be considered as mitigation of punishment if the Judge or the jury is assessing punishment, consider it as a mitigating factor but for no other purpose. Aside from your voluntary use of narcotics at that time, do you otherwise feel you are of sound mind?

"THE DEFENDANT: I don't understand the question.

"THE COURT: Well, I said aside from you being under the influence of dope or drugs at that time, do you feel that otherwise you were of sound mind. I'm asking do you contend you were crazy at that time?

"THE DEFENDANT: I don't know. I didn't have my—

"THE COURT: Are you saying from the use of narcotics is the only reason?

"THE DEFENDANT: At that time it was.

"MR. ELLIS: We felt there might have been something mentally wrong. We had him examined by Dr. Sher.

"MR. GOODWIN: He has been examined, Your Honor."

At this time, the court asked for and received the psychiatrist's report, and after considering same, ruled that the issue of insanity either at the time of the offense or at the time of the trial was not raised, and that he was satisfied of the sanity of appellant, and proceeded with the trials.

The report was lengthy, discussing in detail the examination by the psychiatrist of appellant. He told of appellant's statements as to his having for years been both a heroin addict and peddler. The last paragraph reads as follows:

"The chief finding in this individual is his low normal to borderline intelligence but this is felt not to interfere with his ability to function as an adequate social being. This individual has demonstrated a longstanding history of anti-social behavior dating back to his youth. The subject is felt to be quite competent to understand and appreciate fully the nature and quality of his behavior and the consequences of his acts. In addition, he is felt to be cognizant of the difference between right and wrong and able to conform his behavior to the expectations of the law and of society if he so chooses. In addition, he is felt competent to aid his attorney in his own defense and is felt, therefore, by this examiner to be of SOUND MIND now and at the time of the alleged offense."

 Appellant contends only that the issue of insanity as a defense to the charges was raised by his statements to the court of having been under the influence of dope when the offenses were committed. As the trial court properly advised the ap-

1. Counsel for appellant.

pellant, the voluntary use of intoxicating liquor or narcotics or dangerous drugs does not excuse crime. Evidence of temporary insanity produced thereby may be shown in mitigation of the penalty, but not as defense. Art. 36, Vernon's Ann.P.C.; Kelly v. State, Tex.Cr.App., 442 S.W.2d 726. Under the record, no issue was raised in those proceedings which would have required the trial court to withdraw the pleas of guilty. Hayes v. State, Tex.Cr.App., 484 S.W.2d 922; Nilsson v. State, Tex.Cr. App., 477 S.W.2d 592.

The judgments are affirmed.

Opinion approved by the Court.