**Raymond RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48835.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Robert C. Crouch, Court Appointed, Greenville, for appellant.

Jerry Spencer Davis, Dist. Atty., and Wesley Martin Reed, Asst. Dist. Atty., Greenville, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

The appellant was convicted in a trial before a jury of murder with malice. Punishment was assessed by the jury at nine hundred ninety-nine (999) years' imprisonment.

Appellant does not challenge the sufficiency of the evidence to support the conviction. The record reflects that appellant and other stabbed and killed the deceased, and robbed him of a watch and money. Appellant's written confession admitting his guilt is in evidence.

Appellant in his first ground of error contends the trial court erred in refusing to instruct the jury at the guilt phase of the trial on the law of temporary insanity induced by the voluntary use of intoxicating liquor.

Article 36, Vernon's Ann.P.C.[1] provides neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits, intoxicating liquors, etc., shall "constitute any excuse for the commission of crime." St. Pe v. State, Tex.Cr.App., 495 S.W.2d 224; Evilsizer v. State, Tex.Cr.App., 487 S.W.2d 113; Romero v. State, Tex.Cr.App., 471 S.W.2d 799; Garcia v. State, Tex.Cr.App., 453 S.W.2d 822. Such statute does, however, provide that evidence of temporary insanity produced by the voluntary use of intoxicating liquors, or spirits, etc., can be considered in mitigation of punishment. Demouchette v. State, Tex.Cr.App., 502 S.W.2d 712.

■ Therefore, since it is not a defense to the offense charged, it is not error to fail to charge on temporary insanity due to intoxicating liquors as a defense at the guilt or innocence stage of the trial, because such temporary insanity affects only the punishment to be attached to the crime. The proper place for such a charge where the issue is raised by the evidence would be at the punishment phase of the trial. See Brazile v. State, Tex.Cr.App., 497 S.W.2d 302, 304; Marrero v. State, Tex.Cr.App., 500 S.W.2d 818.

■ Furthermore, the evidence is insufficient to invoke the provisions of Art. 36, V.A.P.C. The record does reflect that appellant was intoxicated at the time of the killing, but not to a degree that it produced temporary insanity. The testimony does not indicate that the appellant was intoxicated to the point of losing his ability to distinguish between right and wrong, especially since the evidence, including appellant's confession, reflects the appellant from the beginning had joined in a premeditated plan to rob the deceased. Byrd v. State, Tex.Cr.App., 491 S.W.2d 440; Grayson v. State, Tex.Cr.App., 468 S.W.2d 420. The authority relied upon by appellant, Perez v. State, Tex.Cr.App., 172 S.W.

2d 314, accurately describes the evidence necessary to warrant a charge under Article 36. In *Perez,* supra, the appellant's wife testified that her husband had been drinking. This Court held the above testithat his drinking had affected his ability to distinguish right from wrong, and she thought his mentality was affected by his drinking. This Court held that above testimony raised the issue of temporary insanity, even though "the testimony relative to temporary insanity is very meager indeed, and barely, if at all, calls for an instruction thereon." In the present case, there is no testimony to the effect that the intoxication of the appellant was to the point of insanity. Grayson v. State, Tex.Cr.App., 468 S.W.2d 420.

Appellant's first ground of error is overruled.

In his second ground of error, appellant contends the trial court erred in not allowing interrogation of the witnesses Robert Horner and Lynn Golden in front of the jury.

In a hearing outside the presence of the jury, Robert Horner and Lynn Golden, coindictees with appellant, were called to the stand by the appellant. Both witnesses refused to answer questions under the protection of the Fifth Amendment of the United States Constitution. The appellant made a motion, which the trial court denied, to have the jury view the witnesses' invoking of the Fifth Amendment.

■■ The general rule is that when a witness, other than the accused, declines to answer a question on the ground his answer would tend to incriminate him, that refusal alone cannot be made the basis of any inference by the jury, either favorable to the prosecution or favorable to the defendant. Glasper v. State, Tex.Cr.App., 486 S.W.2d 350. The reason for the rule is that, in refusing to answer a question on the ground that the answer would tend to

---

1. Repealed by New Penal Code of 1973. V.T.C.A., Penal Code, § 8.04, effective January 1, 1974.

incriminate him, the witness is exercising a constitutional right personal to himself, the exercise of which would neither help nor harm a third person. If no inference of guilt can be indulged against the person who declines to testify, none could be drawn as to the guilt or innocence of a defendant on trial. Glasper v. State, supra.

Therefore, it was not error for the trial court to refuse appellant's motion to have the witnesses invoke the Fifth Amendment in the presence of the jury. See Allen v. State, Tex.Cr.App., 461 S.W.2d 622; Johnson v. State, Tex.Cr.App., 252 S.W.2d 462; Rice v. State, Tex.Cr.App., 59 S.W.2d 119. Cf. Mathis v. State, Tex.Cr.App., 469 S.W. 2d 796.

Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.