# NO. 12-10-00142-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES NOEL NELSON, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Noel Nelson, Jr. appeals his conviction for possession of a controlled substance. In three issues, Appellant argues that the evidence is insufficient to support the verdict and that the trial court erred in striking the testimony of a witness. We affirm.

## BACKGROUND

Police officers in Henderson County, Texas, served a search warrant on July 23, 2009. In the living room area, officers found a purse that contained six grams of methamphetamines, a digital scale, and small baggies commonly used to package drugs for retail sale. They also found a pipe used to smoke methamphetamines and about $450, mostly in twenty dollar bills. Appellant was in a bedroom of the home. Also in the bedroom was a scanner that was active, a television with a surveillance feed from a camera on the front of the house, the remainder of a marijuana cigarette, and a handwritten schedule of the Gun Barrel City Police Department shift changes.

A Henderson County grand jury indicted Appellant for the felony offense of possession of a controlled substance and for possession of a controlled substance with the intent to deliver. In each count, the grand jury alleged that Appellant possessed methamphetamines and that the weight of the drugs was more than four grams but less than two hundred grams. Appellant pleaded not

1

guilty. A trial was held, and the jury found Appellant guilty of possession with the intent to deliver. The parties waived trial by jury on the issue of punishment. The trial court assessed punishment of imprisonment for ten years but suspended that sentence and placed Appellant on community supervision for a period of ten years. This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Appellant argues that the evidence is legally and factually insufficient to support the jury's verdict and that the trial court erred when it overruled his motion for a directed verdict.

**Standard of Review**

Prior to 2010, Texas appellate courts reviewed both the legal and factual sufficiency of the evidence to support a verdict in a criminal case. Legal sufficiency review is defined by *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). Factual sufficiency review is defined by *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In October 2010, the court of criminal appeals held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual sufficiency standard" and overruled *Clewis* and its progeny. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion). The court held that "the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *See id.* Accordingly, we will consider Appellant's arguments that the evidence is legally and factually insufficient together under the *Jackson v. Virginia* standard of review.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *Brooks v. State*, 323 S.W.3d at 899. Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to

ensure that the evidence presented actually supports a conclusion that the defendant committed the crime.  *See **Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

A challenge to a trial court's decision to overrule a motion for a directed verdict presents an attack on the legal sufficiency of the evidence.  *See **McDuff v. State***, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997).  The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge.  *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In this case, to support Appellant's conviction, the State's evidence had to show that Appellant possessed a penalty group 1 controlled substance in an amount of more than four grams but less than two hundred grams with the intent to deliver.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.115(d) (Vernon 2010).  Deliver means to transfer, actually or constructively, a controlled substance to another.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 2010).  Alternately, the trial court instructed the jury that it could find Appellant guilty if he acted with intent to promote or assist the commission of the offense and solicited, encouraged, directed, aided, or attempted to aid another person in the commission of the charged offense.  *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003).

## Analysis

The State's theory of this case is that Appellant acted as a lookout in what it called the "family business" of selling methamphetamines.  There was evidence to support this conclusion. Appellant was found in a room with a surveillance system that allowed him to view the front of the house.  The room also contained a scanner, which was turned on, and a schedule of the shift changes at the local police department.  The drugs, money, scales, and baggies were all tucked away by the time the police arrived, and Appellant's mother was away from the location of the illegal drugs.  The State suggests that this shows she was tipped off to the arrival of the police.

The State also argued at trial that because the home is of a relatively small size–it is a two bedroom home–Appellant had to have been aware of any retail drug activity occurring in the house.  This conclusion is buttressed by Appellant's professed knowledge of his mother's ongoing business selling cosmetics out of her home, although the logical force of that syllogism is

3

diminished by the divergent level of secrecy customarily attendant to the sale of illegal drugs as opposed to the sale of cosmetics. On appeal, the State asserts that the currency was in plain view on the coffee table in the living room. This assertion is not supported by the record cites provided by the State nor did we find support for that contention in our review of the evidence. Instead, it appears that the currency was found in the purse, which was under a cushion on the couch. However, it is not enough for the State to show that Appellant was present in the home or even that he knew what his mother was doing in the front room. The State was required to prove that Appellant solicited, encouraged, directed, aided, or attempted to aid another person in the commission of a crime. Mere presence is not sufficient for the State to meet its burden of proof. *See*, *e.g.*, ***Davis v. State***, 195 S.W.3d 311, 320 (Tex. App.–Houston [14th Dist.] 2006, no pet.).

Appellant argues that he had been present in the home only for a short period of time before the police arrived, that he did not live at the home, and that there were no affirmative links to prove that he possessed the methamphetamines. We agree with Appellant that the evidence did not show that he actually possessed the methamphetamines. In fact, the evidence was quite convincing that Appellant's mother possessed the drugs and that she was engaged in the practice of selling those drugs. Appellant does not address the argument that he was liable as a party for the possession of the drugs.

A rational jury could conclude that Appellant was assisting his mother in the sale of the drugs found in the purse. While having a camera to monitor the front of a house is so common as to permit almost no inference from its presence, the jury would have been entitled to conclude that the bedroom Appellant was in served as a sort of a command post for a person to assist whoever was selling drugs in the front room of the house. The bedroom contained not only a television devoted to monitoring the camera–Appellant testified that he was watching the monitor as the police arrived–but also a scanner and a schedule of the shift changes at the local police department. The room was set up for a person to aid or even direct the commission of the charged offense, and the jury was entitled to conclude that Appellant was that person. After reviewing all of the evidence in a light most favorable to the verdict, we hold that a rational finder of fact could conclude that Appellant was in the bedroom assisting or aiding or directing the ongoing sale of the methamphetamines found in the living room. Accordingly, we overrule Appellant's first and second issues.

4

## STRICKEN TESTIMONY

In his third issue, Appellant argues that the trial court erred in striking the testimony of his father.

### Background

This issue arose when Appellant called his father, James Nelson, Sr. (Nelson), as a witness. Nelson had been in the yard of the house when the police arrived, and he was arrested along with Appellant and Appellant's mother. Nelson's attorney objected to his client being called as a witness, instructed him to assert his Fifth Amendment right not to testify, and instructed him to refuse to testify. The trial court overruled the objections and ordered Nelson to testify. Appellant's counsel asked Nelson about thirty preliminary questions. Nelson's attorney objected several times during the testimony, reasserting Nelson's right to refuse to testify and his right to invoke his rights outside the presence of the jury. Eventually, the trial court changed course, allowed Nelson to leave the witness stand, and instructed the jury that it was not to consider his testimony for any purpose.

### Analysis

Generally, a witness who asserts a Fifth Amendment right not to testify may not be compelled to testify, and Texas courts have held that a defendant does not have a right to force a witness to invoke his right not to testify in front of the jury. *See Counselman v. Hitchcock*, 142 U.S. 547, 561–62, 12 S. Ct. 195, 197–98, 35 L. Ed. 1110 (1892); *Rodriguez v. State*, 513 S.W.2d 594, 596 (Tex. Crim. App. 1974). The issues presented by the Fifth Amendment can be complicated, especially in an instance where a witness invokes his right when he is not entitled to do so or when the state refuses to offer immunity to a defense witness. *See*, *e.g.*, *Coffey v. State*, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990) (immunized witness refused to testify); *Norman v. State*, 588 S.W.2d 340, 343–45 (Tex. Crim. App. 1979) (trial court erred by not granting the defendant's request for immunity for a state informant to compel the informant's testimony).

The issues in this case are complicated. Appellant invited this error, if it was error, by insisting on compelling Nelson's nonimmunized testimony. And the question of a proper remedy once Nelson was compelled to testify does not have an easy answer. Appellant does not address these complications in his one paragraph argument on this issue nor does he include any citation to authority on this issue. We need not determine whether Appellant has waived this issue on appeal, however, because he failed to preserve his complaint by way of a contemporaneous

objection in the trial court. *See* TEX. R. APP. P. 33.1. The trial court gave the instruction to disregard to the jury without first notifying the parties of its intent to do so. However, Appellant had an opportunity to object to the trial court's striking of the testimony, and he did not object. Therefore, we hold that Appellant has failed to preserve this issue for our review. We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the judgment of the trial court.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered April 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6