NO.
12-10-00142-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JAMES
NOEL NELSON, JR.,                         §                 APPEAL FROM THE 173RD

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 HENDERSON
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

James
Noel Nelson, Jr. appeals his conviction for possession of a controlled
substance.  In three issues, Appellant argues that the evidence is insufficient
to support the verdict and that the trial court erred in striking the testimony
of a witness.  We affirm.

 

Background

Police
officers in Henderson County, Texas, served a search warrant on July 23, 2009. 
In the living room area, officers found a purse that contained six grams of
methamphetamines, a digital scale, and small baggies commonly used to package
drugs for retail sale.  They also found a pipe used to smoke methamphetamines
and about $450, mostly in twenty dollar bills.  Appellant was in a bedroom of
the home.  Also in the bedroom was a scanner that was active, a television with
a surveillance feed from a camera on the front of the house, the remainder of a
marijuana cigarette, and a handwritten schedule of the Gun Barrel City Police
Department shift changes. 

A
Henderson County grand jury indicted Appellant for the felony offense of
possession of a controlled substance and for possession of a controlled
substance with the intent to deliver.  In each count, the grand jury alleged
that Appellant possessed methamphetamines and that the weight of the drugs was
more than four grams but less than two hundred grams.  Appellant pleaded not
guilty.  A trial was held, and the jury found Appellant guilty of possession
with the intent to deliver.  The parties waived trial by jury on the issue of
punishment.  The trial court assessed punishment of imprisonment for ten years
but suspended that sentence and placed Appellant on community supervision for a
period of ten years.  This appeal followed.

 

Sufficiency
of the Evidence

            In his first and second issues,
Appellant argues that the evidence is legally and factually insufficient to
support the jury’s verdict and that the trial court erred when it overruled his
motion for a directed verdict.

Standard
of Review

Prior
to 2010, Texas appellate courts reviewed both the legal and factual sufficiency
of the evidence to support a verdict in a criminal case.  Legal sufficiency
review is defined by Jackson v. Virginia, 443 U.S. 307, 315-16,
99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).  Factual sufficiency review
is defined by Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996).  In October 2010, the court of criminal appeals held that there is
“no meaningful distinction between the Jackson v. Virginia legal
sufficiency standard and the Clewis factual sufficiency standard”
and overruled Clewis and its progeny.  See Brooks v. State,
323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion).  The court held
that “the Jackson v. Virginia standard is the only standard that
a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense that the State is
required to prove beyond a reasonable doubt.”   See id.  Accordingly,
we will consider Appellant’s arguments that the evidence is legally and
factually insufficient together under the Jackson v. Virginia standard
of review. 

When
reviewing the sufficiency of the evidence, we view all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  See Jackson, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; Brooks
v. State, 323 S.W.3d at 899.  Under this standard, a reviewing court
does not sit as a thirteenth juror and may not substitute its judgment for that
of the fact finder by reevaluating the weight and credibility of the evidence. 
See Brooks, 323 S.W.3d at 899; Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Instead, a reviewing court defers to
the fact finder’s resolution of conflicting evidence unless that resolution is
not rational in light of the burden of proof.  See Brooks,
323 S.W.3d at 899–900.  The duty of a reviewing court is to ensure that the
evidence presented actually supports a conclusion that the defendant committed
the crime.  See Williams v. State, 235 S.W.3d 742, 750 (Tex.
Crim. App. 2007).

A
challenge to a trial court’s decision to overrule a motion for a directed
verdict presents an attack on the legal sufficiency of the evidence.  See
McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997).  The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that
“accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State=s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant is tried.”  Id.  

In
this case, to support Appellant’s conviction, the State’s evidence had to show
that Appellant possessed a penalty group 1 controlled substance in an amount of
more than four grams but less than two hundred grams with the intent to
deliver.  See Tex. Health &
Safety Code Ann. §§ 481.112(d), 481.115(d) (Vernon 2010).  Deliver
means to transfer, actually or constructively, a controlled substance to
another.  See Tex. Health & Safety
Code Ann. § 481.002(8)
(Vernon 2010).  Alternately, the trial court instructed the jury that it could
find Appellant guilty if he acted with intent to promote or assist the
commission of the offense and solicited, encouraged, directed, aided, or attempted
to aid another person in the commission of the charged offense.  See Tex. Penal Code Ann. § 7.02(a)(2)
(Vernon 2003).

Analysis

The
State’s theory of this case is that Appellant acted as a lookout in what it
called the “family business” of selling methamphetamines.  There was evidence
to support this conclusion.  Appellant was found in a room with a surveillance
system that allowed him to view the front of the house.  The room also
contained a scanner, which was turned on, and a schedule of the shift changes
at the local police department.  The drugs, money, scales, and baggies were all
tucked away by the time the police arrived, and Appellant’s mother was away
from the location of the illegal drugs.  The State suggests that this shows she
was tipped off to the arrival of the police.  

The
State also argued at trial that because the home is of a relatively small
size–it is a two bedroom home–Appellant had to have been aware of any retail
drug activity occurring in the house.  This conclusion is buttressed by
Appellant’s professed knowledge of his mother’s ongoing business selling
cosmetics out of her home, although the logical force of that syllogism is
diminished by the divergent level of secrecy customarily attendant to the sale
of illegal drugs as opposed to the sale of cosmetics.  On appeal, the State
asserts that the currency was in plain view on the coffee table in the living
room.  This assertion is not supported by the record cites provided by the
State nor did we find support for that contention in our review of the
evidence.  Instead, it appears that the currency was found in the purse, which
was under a cushion on the couch.  However, it is not enough for the State to
show that Appellant was present in the home or even that he knew what his mother
was doing in the front room.  The State was required to prove that Appellant
solicited, encouraged, directed, aided, or attempted to aid another person in
the commission of a crime.  Mere presence is not sufficient for the State to
meet its burden of proof.  See, e.g., Davis v. State,
195 S.W.3d 311, 320 (Tex. App.–Houston [14th Dist.] 2006, no pet.).

Appellant
argues that he had been present in the home only for a short period of time
before the police arrived, that he did not live at the home, and that there
were no affirmative links to prove that he possessed the methamphetamines.  We
agree with Appellant that the evidence did not show that he actually possessed
the methamphetamines.  In fact, the evidence was quite convincing that
Appellant’s mother possessed the drugs and that she was engaged in the practice
of selling those drugs.  Appellant does not address the argument that he was
liable as a party for the possession of the drugs.

A
rational jury could conclude that Appellant was assisting his mother in the
sale of the drugs found in the purse.  While having a camera to monitor the
front of a house is so common as to permit almost no inference from its
presence, the jury would have been entitled to conclude that the bedroom
Appellant was in served as a sort of a command post for a person to assist
whoever was selling drugs in the front room of the house.  The bedroom
contained not only a television devoted to monitoring the camera–Appellant
testified that he was watching the monitor as the police arrived–but also a
scanner and a schedule of the shift changes at the local police department. 
The room was set up for a person to aid or even direct the commission of the
charged offense, and the jury was entitled to conclude that Appellant was that
person.  After reviewing all of the evidence in a light most favorable to the
verdict, we hold that a rational finder of fact could conclude that Appellant
was in the bedroom assisting or aiding or directing the ongoing sale of the
methamphetamines found in the living room.  Accordingly, we overrule
Appellant’s first and second issues.  

 

Stricken Testimony

In
his third issue, Appellant argues that the trial court erred in striking the
testimony of his father.  

Background

This
issue arose when Appellant called his father, James Nelson, Sr. (Nelson), as a
witness.  Nelson had been in the yard of the house when the police arrived, and
he was arrested along with Appellant and Appellant’s mother.  Nelson’s attorney
objected to his client being called as a witness, instructed him to assert his
Fifth Amendment right not to testify, and instructed him to refuse to testify. 
The trial court overruled the objections and ordered Nelson to testify. 
Appellant’s counsel asked Nelson about thirty preliminary questions.  Nelson’s
attorney objected several times during the testimony, reasserting Nelson’s
right to refuse to testify and his right to invoke his rights outside the
presence of the jury.  Eventually, the trial court changed course, allowed
Nelson to leave the witness stand, and instructed the jury that it was not to
consider his testimony for any purpose.

Analysis

Generally,
a witness who asserts a Fifth Amendment right not to testify may not be
compelled to testify, and Texas courts have held that a defendant does not have
a right to force a witness to invoke his right not to testify in front of the
jury.  See Counselman v. Hitchcock, 142 U.S. 547, 561–62, 12 S.
Ct. 195, 197–98, 35 L. Ed. 1110 (1892); Rodriguez v. State, 513
S.W.2d 594, 596 (Tex. Crim. App. 1974).  The issues presented by the Fifth
Amendment can be complicated, especially in an instance where a witness invokes
his right when he is not entitled to do so or when the state refuses to offer
immunity to a defense witness.  See, e.g., Coffey v. State,
796 S.W.2d 175, 179 (Tex. Crim. App. 1990) (immunized witness refused to
testify); Norman v. State, 588 S.W.2d 340, 343–45 (Tex. Crim.
App. 1979) (trial court erred by not granting the defendant’s request for
immunity for a state informant to compel the informant’s testimony).

The
issues in this case are complicated.  Appellant invited this error, if it was
error, by insisting on compelling Nelson’s nonimmunized testimony.  And the
question of a proper remedy once Nelson was compelled to testify does not have
an easy answer.  Appellant does not address these complications in his one
paragraph argument on this issue nor does he include any citation to authority
on this issue.  We need not determine whether Appellant has waived this issue
on appeal, however, because he failed to preserve his complaint by way of a
contemporaneous objection in the trial court.  See Tex. R. App. P. 33.1.  The trial court
gave the instruction to disregard to the jury without first notifying the
parties of its intent to do so.  However, Appellant had an opportunity to
object to the trial court’s striking of the testimony, and he did not object. 
Therefore, we hold that Appellant has failed to preserve this issue for our
review.  We overrule Appellant’s third issue.

 

Disposition

            Having
overruled Appellant’s three issues, we affirm the judgment of the
trial court.

 

 

                                                                                                James
T. Worthen

                                                                                             
Chief Justice

 

 

Opinion
delivered April 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

                                           

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)