## WEINBAUM v. UNITED STATES.

### No. 12683.

United States Court of Appeals
Ninth Circuit.

Sept. 19, 1950.

Margolis & McTernan, Los Angeles, Cal., for appellant.

Ernest A. Tolin, U.S. Atty., Los Angeles, Cal., for appellee.

Before MATHEWS, BONE and POPE, Circuit Judges.

PER CURIAM.

Weinbaum, convicted upon four counts charging false testimony and wilful concealment concerning his membership in the Communist Party, applies for admission to bail pending appeal to this court. The district court denied a similar application.

We think the only claim of error made, —that arising out of the examination of the witness, Brunner,—is frivolous.

It is said that although warned by Brunner's attorney that Brunner would claim a privilege against self-incrimination if asked about his connection with the Communist Party, the United States Attorney nevertheless called him, and that forcing him to make this claim in the presence of the jury was prejudicial to Weinbaum. It is said that this was particularly so, because a second, more damaging question was asked after the privilege had been asserted in response to the first question.

It is conceded that before Brunner was called other witnesses who had, before the trial, threatened to refuse to testify on this ground, nevertheless had testified without claiming any privilege. When Brunner was being examined it was by no means certain that he would adhere to his claim of privilege. He kept stating he wanted to consult his attorney further, before finally taking a position, and before the matter was concluded was granted a two hour recess to consult with his lawyer. Under these circumstances we see not the slightest impropriety in the prosecutor's continuing to interrogate the witness.

The whole matter becomes too clear for argument when it is noted that the court twice charged the jury to disregard the whole incident. The dictum in United States v. 5 Cases, etc., 2 Cir., 179 F.2d 519, 523, has no application where such a cautionary instruction was given. In fact, the decision there, in holding the objection related to a matter not so fundamental or serious that it could not be waived, suggests that the prejudice, if any there be, was of such character that it might be cured by an instruction to disregard. Compare the cases dealing with an improper comment on a defendant's failure to testify, where the prejudice is clear, but which hold that such an instruction cures any error. Brooks v. United States, 9 Cir., 8 F.2d 593, Robilio v. United States, 6 Cir., 291 F. 975, Morgan v. United States, 7 Cir., 31 F.2d 385, United States v. Di Carlo, 2 Cir., 64 F.2d 15, Milton v. United States, 71 App. D.C. 394, 110 F.2d 556.

The application for bail is denied.