**J. A. H. BARKEIJ, Plaintiff,**

**v.**

**FORD MOTOR CO. et al., Defendants.**

**No. 14936.**

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1956.

Rehearing Denied March 19, 1956.

Arthur L. Briggs, Los Angeles, Cal., J. A. H. Barkeij, in pro. per., San Clemente, Cal., for plaintiff.

Trippett, Newcomer, Yoakum & Thomas, Los Angeles, Cal., for defendants.

Before STEPHENS, BONE and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

For clarity, the parties herein will be referred to as "plaintiff" and "defendant."

Plaintiff Barkeij has appealed in propria persona from a judgment of the District Court entered June 29, 1954, dismissing his complaint with prejudice. On July 15, 1954, plaintiff filed in the Court below his Motion for Rehearing and New Trial. Subsequently, and during the pen-

dency of said motion, two notices of appeal were filed from the judgment, one by plaintiff as attorney pro se on July 22, 1954, and the other by his then attorneys on July 27, 1954. On August 23rd plaintiff petitioned the Court for permission to prosecute his appeal in forma pauperis. The Court below on February 23, 1955, denied plaintiff's Motion for Rehearing and New Trial; and on October 5, 1955 granted nunc pro tunc, as of the previous February 23rd, defendants' motion to strike plaintiff's motions to bring in a third Party defendant, and to proceed in forma pauperis. At the same time the District Judge certified in writing that plaintiff's petition to appeal in forma pauperis was frivolous and not taken in good faith.

On November 8, 1955, plaintiff, having failed to further prosecute his appeals, defendant moved this Court to docket and dismiss them pursuant to Rule 75(j)[1] on the grounds that plaintiff had not: (1) Filed a bond for costs on appeal as required by Rule 73(c);[2] (2) filed the record on appeal pursuant to Rules 75 and 76;[3] (3) docketed the appeal within forty days from the date of the appeal in conformance with Rule 73 (g);[4] nor (4) designated the portions of the record, proceedings, and evidence to be contained in the record on appeal as provided in Rule 75(a).[5]

Plaintiff answers defendants' motions, by motions of November 18 and November 25, 1955, in which he admits his noncompliance with the above mentioned rules, but takes the position that his failure is excused by the action of the Court below in delaying until October 5, 1955 its nunc pro tunc order denying his application of August 23, 1954 to proceed on appeal in forma pauperis. He further seeks to introduce an argument relying on the record, which is not before us at this time and cannot for that reason be heard.

It appears that the nunc pro tunc order of October 5, 1955 was made to correct a clerical inadvertence which resulted in the omission from the order of February 23, 1955 of that portion granting defendants' motion to proceed in forma pauperis. The power of the Court to correct clerical error is derived from Rule 60[6] and is beyond question.[7] It is

---

1. 28 U.S.C.A., Fed.Rules Civ.Proc. 75(j) provides in part:
    "If, prior to the time the complete record on appeal is settled and certified as herein provided, a party desires to docket the appeal in order to make in the appellate court a motion for dismissal * * * the clerk of the district court at his request shall certify and transmit to the appellate court a copy of such portion of the record or proceeding below as is needed for that purpose."

2. 28 U.S.C.A., F.R.C.P. 73(c).

3. 28 U.S.C.A., F.R.C.P. 75, 76.

4. 28 U.S.C.A., F.R.C.P. 73(g).

5. 28 U.S.C.A., F.R.C.P. 75(a).

6. 28 U.S.C.A., F.R.C.P. 60, which provides in part:
    "(a) **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court. As amended Dec. 27, 1946, effective March 19, 1948.
    "(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * * As amended Dec. 27, 1946, and Dec. 29, 1948, effective Oct. 20, 1949."

7. See: Jernigan v. Southern Pacific Co., 9 Cir., 1955, 222 F.2d 245, 248, and authority contained in Note 3 thereon.

to be noted in this connection that the correction was made by the Court prior to the docketing of the Appeal, as set out in Section (a) of the Rule, and within one year as specified in Section (b) thereof.

■■ But even though denial of the petition to proceed in forma pauperis actually occurred some nine months after denial of plaintiff's Motion for Rehearing and New Trial, this petitioner was in no way prejudiced thereby. A person taking an appeal in forma pauperis is exempt from prepayment of fees, costs, or security incident thereto;[8] but generally, with this exception, the same rules are applicable to appeals in forma pauperis as to any ordinary appeal. Plaintiff was not, therefore, excused from compliance with the applicable rules on appeal. It was incumbent upon him to proceed, whether or not he received permission to proceed in forma pauperis. Plaintiff makes no showing which would toll the running of the time limits provided in the rules governing appeals, nor justify this Court in relieving him of the burden of strict compliance with the rules.

This view is strongly buttressed by plaintiff's actions subsequent to the time he learned of the order of October 5th. As much as a month afterward, he had made no effort to comply, even though belatedly, with the rules. It was only after defendants filed their motion of November 8th to docket and dismiss, that plaintiff bestirred himself in the cause of his appeal, and then only to oppose defendants' motion. His entire attitude is consonant with prevention, rather than prosecution, of the appeal. Indeed, this thought was undoubtedly paramount in his mind, judging from the statement[9] in his motion of November 18th in opposition to defendants' motions to dismiss.

No more tenable is plaintiff's contention that this Court should grant his motion to proceed in forma pauperis, when the Court below in denying a similar motion, certified his appeal to be frivolous. While the right to appeal from a final order of the District Court is absolute, permission to appeal in forma pauperis is a privilege founded upon statute[10] and subject to the provisions thereof.

■ In view of the provision of 28 U.S.C.A. § 1915(a) that "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith", we have uniformly held that where such certification is made, this Court cannot allow the petitioner to proceed on appeal in forma pauperis.[11]

---

8. 28 U.S.C.A. § 1915(a)—
 "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
 "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. * * * June 25, 1948, c. 646, 62 Stat. 954, amended May 24, 1949, c. 139, § 98, 63 Stat. 104."

9. In this respect he states in his Motion not to docket any appeal in this Court on motion by opponents, and his Motion to remand this case to the lower Court for regular trial, as follows:
 "E. This case obviously hangs in midair, and should hang there in view of F.R.C.Pr. forever, as a warning to other fellow men that you cannot jumble the law any way defendants prefer to do so."

10. Morris v. Igoe, 7 Cir., 1954, 209 F.2d 108; Higgins v. Steele, 8 Cir., 1952, 195 F.2d 366, 368; Clough v. Hunter, 10 Cir., 1951, 191 F.2d 516, 518; Willis v. Utecht, 8 Cir., 1950, 185 F.2d 210, 212; Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. See also: 28 U.S.C.A. § 1915(a)—Note 8 ibid.

11. Weinbaum v. United States, 9 Cir., 1950, 184 F.2d 330; Garrison v. Johnston, 9 Cir., 1942, 129 F.2d 318; Smith v. Johnston, 9 Cir., 1940, 109 F.2d 152;

In view of the premises, defendants' motions to docket and dismiss plaintiff's appeals are granted, and plaintiff's appeals herein are hereby ordered dismissed.

On Motion for Rehearing and Motion
that Order of Jan. 13, 1956
· be Modified.

PER CURIAM.

The motion for a rehearing is denied.

The motion that the dismissal of the case on January 13, 1956, be modified by an order that the dismissal of that date be without prejudice, is denied.

Waley v. Johnston, 9 Cir., 1939, 104 F. 2d 760; Stanley v. Swope, 9 Cir., 1938, 99 F.2d 308; Brown v. Johnston, 9 Cir., 1938, 99 F.2d 760. See also: Per Curiams by Judge Denman:—In re Boyden, 230 F.2d 787; In re Mitchell, 230 F.2d 786.