# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00374-CR

**James Michael Guthrie, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
## NO. 00-2116, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

A jury found appellant James Michael Guthrie guilty of two counts of retaliation. *See* Tex. Penal Code Ann. § 36.06(a)(1)(A) (West Supp. 2001). Upon the jury's assessment of punishment, enhanced by a prior felony conviction, the district court sentenced appellant to eight years' confinement for each count, with the sentences to run concurrently. Appellant appeals, arguing that reversible error occurred when his wife invoked her right against self-incrimination in the presence of the jury and when the jury was not instructed concerning the use of a portion of the testimony for impeachment purposes only. We will affirm the district-court judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 1998, having received a phone report of child abuse, two Child Protective Services caseworkers, Edward Ortegon and Erika Davis, visited appellant's home to check on the condition of his children. Appellant's wife answered the door. After Ortegon informed her why he and Davis were there, the wife became upset and called to appellant. Appellant came to the

door and displayed hostility toward the caseworkers, refusing to allow them into the home to examine the children for signs of abuse and demanding that they leave the property. Ortegon testified that he heard appellant instruct his wife to "get his pistol." Ortegon further testified that the wife then left the doorway and he was unable to see what she was doing. Ortegon and Davis, fearful that appellant might shoot them, ran to their car and left the area. At trial, the jury found appellant guilty of two counts of retaliation.

During the punishment phase of the trial, the State called a number of witnesses to testify against appellant and introduced evidence of his prior criminal history. One of those witnesses, appellant's wife, in spite of having been granted use immunity, invoked her right against self-incrimination before the jury. The district court, outside the jury's presence, advised her of her obligation to testify without invoking the privilege. When the jury returned to the courtroom, the court instructed the jurors to disregard the wife's previous statements. She then proceeded to testify.

The State also called Travis County Deputy Sheriff Kent Miller to testify regarding an incident in which he was called to appellant's home regarding a family-disturbance report. Appellant's counsel objected to his testimony, and the court stated that she would allow the testimony for impeachment purposes but not as substantive evidence. However, the court never instructed the jury to limit its consideration of Miller's testimony to impeachment of the wife.

Appellant brings points of error to this Court concerning each of these incidents.

## DISCUSSION

By his first point of error, appellant argues that reversible error occurred when his wife, as a witness for the State, invoked her Fifth Amendment privilege against self-incrimination

2

before the jury and the court instructed the jury to disregard her action. During the punishment phase of trial, the State called appellant's wife to testify. She requested an attorney to advise her and invoked her privilege against self-incrimination while outside the presence of the jury. The State then offered use immunity, which the district court approved and ordered the wife to testify. However, the wife again asserted her right against self-incrimination, this time in the presence of the jury. The district court then excused the jury, allowed appellant's wife to invoke the Fifth Amendment outside the presence of a jury, reminded her of her obligation to testify, and instructed her "not to say anything in front of the jury about claiming [her] Fifth Amendment right" and "to answer the [S]tate's questions." The court instructed the jury "not to consider, allude to, or comment on during your deliberations any of the testimony that you have just heard when you were seated in this courtroom." Appellant's wife then answered all questions asked of her by both the State and appellant.

When a witness, other than the accused, invokes the Fifth Amendment privilege and declines to testify, generally such invocation is not permitted to be heard by the jury. *Rodriguez v. State*, 513 S.W.2d 594, 595-96 (Tex. Crim. App. 1974); *Williams v. State*, 800 S.W.2d 364, 367 (Tex. App.—Fort Worth 1990, pet. ref'd). However, "[t]he right to be free from comment about a failure to testify is not absolute." *Coffey v. State*, 796 S.W.2d 175, 178 (Tex. Crim. App. 1990) (citing *United States v. Robinson*, 485 U.S. 25 (1988)). The circumstances found in *Coffey* are similar to the facts now before us. *See id.* at 178-79. In *Coffey*, a State's witness also had been granted use immunity for her testimony but invoked her privilege against self-incrimination in the presence of the jury. *Id.* at 179. The court of criminal appeals held that because the grant of use immunity resulted in the loss of the witness's Fifth Amendment privilege, the witness did not have

3

a valid basis for refusing to testify. *Id.* (citing *Ullman v. United States*, 350 U.S. 422, 437 (1956)). The court held that because the State could have compelled the witness to testify after granting her immunity, the accused was not unfairly prejudiced when the witness invoked the Fifth Amendment. *Id*. Because we are unable to distinguish *Coffey* from the facts in this case, we find that appellant was not unfairly prejudiced when his wife invoked her right against self-incrimination in the presence of the jury.

Appellant further argues that the district court's instruction to the jury to disregard his wife's invocation of her privilege constituted a comment prohibited by Texas Rule of Evidence 513(a) and therefore was reversible error. *See* Tex. R. Evid. 513(a) ("The claim of a privilege . . . is not a proper subject of comment by judge or counsel, and no inference may be drawn therefrom."). However, the trial court may instruct the jury that "no inference may be drawn" from a witness's invocation of a privilege. *Id*. 513(d). The trial court's prompt instruction to the jury to disregard an invocation of a privilege or to draw no inference from it, has been held to be proper and sufficient to avoid the granting of a mistrial. *See United States v. Little*, 567 F.2d 346, 351 (8th Cir. 1977); *United States v. Edwards*, 366 F.2d 853, 870 (2d Cir. 1966); *United States v. Terry*, 362 F.2d 914, 917 (6th Cir. 1966 ); *Weinbaum v. United States*, 184 F.2d 330, 331 (9th Cir. 1950); *see also First Heights Bank, FSB v. Gutierrez*, 852 S.W.2d 596, 615 (Tex. App.—Corpus Christi 1993, writ denied) (holding that, in civil case, trial court properly instructed jury to disregard invocation of right against self-incrimination in videotaped deposition played before jury by one who invoked privilege but then withdrew his answer and was tried *in absentia*). We therefore hold that the district court

4

did not err in instructing the jury to disregard the wife's invocation of her privilege against self-incrimination. Appellant's first point of error is overruled.

By his second point of error, appellant argues that reversible error occurred when the district court failed to include in the punishment-phase jury charge an instruction that certain portions of Miller's testimony could only be used to determine appellant's wife's credibility and not as substantive evidence of bad acts committed by appellant. When the wife testified during the punishment phase, she was questioned about prior instances where she reported to the police her husband's abusive behavior toward her and her children. She responded by saying she remembered the police coming to her home on two occasions but could not recall the details of their discussions and did not remember making some of the statements in the police report.

The State then called Miller to further describe the particular events of October 7, 1998, when he responded to a report of a family disturbance in progress at appellant's home. He testified that appellant's wife told him she was upset because she and "her husband just had a verbal argument, she was scared, and he had left with their infant daughter." She was also upset because appellant "would not let her leave the house, . . . and [she] was afraid that he was going to use a shotgun on her." Miller also testified that while at appellant's home he saw a bruise on one of the children, which, according to the wife, was a result of appellant pushing the child down the steps because he was walking too slowly, causing the child to strike his head. The other child had a cut lip, which the wife attributed to appellant's picking up the child and dropping him to the ground, causing the child to bite through his lower lip.

Appellant's counsel objected to Miller's testimony as hearsay, but the district court ruled the testimony admissible because it fell under the excited-utterance exception. *See* Tex. R. Evid. 803(2). The court further ruled that Miller's testimony was allowable as impeachment evidence but not as substantive evidence.[1] However, at no time, either after the completion of Miller's testimony or in the jury charge, did the court instruct the jury to use the testimony only to assess appellant's wife's testimony. Appellant did not request the court to include a limiting instruction in her charge to the jury.

This issue is controlled by *Hammock v. State*, No. 213-00, slip op., (Tex. Crim. App. May 23, 2001). The court of criminal appeals held that the time for a limiting instruction request is the moment the evidence is admitted. *Id.* at 6, 8. "If a limiting instruction is to be given, it must be when the evidence is admitted to be effective." *Id.* at 8 (citing *Rankin v. State*, 974 S.W.2d 707, 713 (Tex. Crim. App. 1996)). Furthermore, when it is apparent that a limiting instruction was warranted at the time the evidence was admitted, the failure to request a limiting instruction "at the first opportunity" results in the evidence being admitted for all purposes. *Id.* at 9. In this case, the appellant did not request a limiting instruction when Miller's testimony was admitted. Because the testimony was admitted for all purposes, the district court was not required to include a limiting instruction in the charge to the jury. *See id.* at 10. We overrule appellant's second point of error.

---

[1] The State argues that only portions of Miller's testimony were limited to impeachment and that the remainder was allowable as substantive evidence. Because of the many statements that Miller testified he heard made by appellant's wife, the district court's ruling is unclear as to which were allowed for impeachment purposes only and which were allowed as substantive evidence. We will therefore assume all Miller's testimony was intended to be for impeachment purposes only.

## CONCLUSION

Having overruled appellant's two points of error, we affirm the district-court judgment.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson.

Affirmed

Filed:   August 9, 2001

Do Not Publish