TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00374-CR







James Michael Guthrie, Appellant


v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO. 00-2116, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING 







 A jury found appellant James Michael Guthrie guilty of two counts of retaliation. See
Tex. Penal Code Ann. § 36.06(a)(1)(A) (West Supp. 2001). Upon the jury's assessment of
punishment, enhanced by a prior felony conviction, the district court sentenced appellant to eight
years' confinement for each count, with the sentences to run concurrently. Appellant appeals,
arguing that reversible error occurred when his wife invoked her right against self-incrimination in
the presence of the jury and when the jury was not instructed concerning the use of a portion of the
testimony for impeachment purposes only. We will affirm the district-court judgment. 


FACTUAL AND PROCEDURAL BACKGROUND On December 18, 1998, having received a phone report of child abuse, two Child
Protective Services caseworkers, Edward Ortegon and Erika Davis, visited appellant's home to check
on the condition of his children. Appellant's wife answered the door. After Ortegon informed her
why he and Davis were there, the wife became upset and called to appellant. Appellant came to the
door and displayed hostility toward the caseworkers, refusing to allow them into the home to
examine the children for signs of abuse and demanding that they leave the property. Ortegon
testified that he heard appellant instruct his wife to "get his pistol." Ortegon further testified that the
wife then left the doorway and he was unable to see what she was doing. Ortegon and Davis, fearful
that appellant might shoot them, ran to their car and left the area. At trial, the jury found appellant
guilty of two counts of retaliation. 

 During the punishment phase of the trial, the State called a number of witnesses to
testify against appellant and introduced evidence of his prior criminal history. One of those
witnesses, appellant's wife, in spite of having been granted use immunity, invoked her right against
self-incrimination before the jury. The district court, outside the jury's presence, advised her of her
obligation to testify without invoking the privilege. When the jury returned to the courtroom, the
court instructed the jurors to disregard the wife's previous statements. She then proceeded to testify. 

 The State also called Travis County Deputy Sheriff Kent Miller to testify regarding
an incident in which he was called to appellant's home regarding a family-disturbance report. 
Appellant's counsel objected to his testimony, and the court stated that she would allow the
testimony for impeachment purposes but not as substantive evidence. However, the court never
instructed the jury to limit its consideration of Miller's testimony to impeachment of the wife.

 Appellant brings points of error to this Court concerning each of these incidents. 


DISCUSSION

 By his first point of error, appellant argues that reversible error occurred when his
wife, as a witness for the State, invoked her Fifth Amendment privilege against self-incrimination
before the jury and the court instructed the jury to disregard her action. During the punishment phase
of trial, the State called appellant's wife to testify. She requested an attorney to advise her and
invoked her privilege against self-incrimination while outside the presence of the jury. The State
then offered use immunity, which the district court approved and ordered the wife to testify. 
However, the wife again asserted her right against self-incrimination, this time in the presence of the
jury. The district court then excused the jury, allowed appellant's wife to invoke the Fifth
Amendment outside the presence of a jury, reminded her of her obligation to testify, and instructed
her "not to say anything in front of the jury about claiming [her] Fifth Amendment right" and "to
answer the [S]tate's questions." The court instructed the jury "not to consider, allude to, or comment
on during your deliberations any of the testimony that you have just heard when you were seated in
this courtroom." Appellant's wife then answered all questions asked of her by both the State and
appellant. 

 When a witness, other than the accused, invokes the Fifth Amendment privilege and
declines to testify, generally such invocation is not permitted to be heard by the jury. Rodriguez v.
State, 513 S.W.2d 594, 595-96 (Tex. Crim. App. 1974); Williams v. State, 800 S.W.2d 364, 367
(Tex. App.--Fort Worth 1990, pet. ref'd). However, "[t]he right to be free from comment about a
failure to testify is not absolute." Coffey v. State, 796 S.W.2d 175, 178 (Tex. Crim. App. 1990)
(citing United States v. Robinson, 485 U.S. 25 (1988)). The circumstances found in Coffey are
similar to the facts now before us. See id. at 178-79. In Coffey, a State's witness also had been
granted use immunity for her testimony but invoked her privilege against self-incrimination in the
presence of the jury. Id. at 179. The court of criminal appeals held that because the grant of use
immunity resulted in the loss of the witness's Fifth Amendment privilege, the witness did not have
a valid basis for refusing to testify. Id. (citing Ullman v. United States, 350 U.S. 422, 437 (1956)). 
The court held that because the State could have compelled the witness to testify after granting her
immunity, the accused was not unfairly prejudiced when the witness invoked the Fifth Amendment. 
Id. Because we are unable to distinguish Coffey from the facts in this case, we find that appellant
was not unfairly prejudiced when his wife invoked her right against self-incrimination in the
presence of the jury. 

 Appellant further argues that the district court's instruction to the jury to disregard 
his wife's invocation of her privilege constituted a comment prohibited by Texas Rule of Evidence
513(a) and therefore was reversible error. See Tex. R. Evid. 513(a) ("The claim of a privilege . . .
is not a proper subject of comment by judge or counsel, and no inference may be drawn therefrom."). 
However, the trial court may instruct the jury that "no inference may be drawn" from a witness's
invocation of a privilege. Id. 513(d). The trial court's prompt instruction to the jury to disregard an
invocation of a privilege or to draw no inference from it, has been held to be proper and sufficient
to avoid the granting of a mistrial. See United States v. Little, 567 F.2d 346, 351 (8th Cir. 1977);
United States v. Edwards, 366 F.2d 853, 870 (2d Cir. 1966); United States v. Terry, 362 F.2d 914,
917 (6th Cir. 1966 ); Weinbaum v. United States, 184 F.2d 330, 331 (9th Cir. 1950); see also First
Heights Bank, FSB v. Gutierrez, 852 S.W.2d 596, 615 (Tex. App.--Corpus Christi 1993, writ
denied) (holding that, in civil case, trial court properly instructed jury to disregard invocation of right
against self-incrimination in videotaped deposition played before jury by one who invoked privilege
but then withdrew his answer and was tried in absentia). We therefore hold that the district court
did not err in instructing the jury to disregard the wife's invocation of her privilege against self-incrimination. Appellant's first point of error is overruled. 

 By his second point of error, appellant argues that reversible error occurred when the
district court failed to include in the punishment-phase jury charge an instruction that certain portions
of Miller's testimony could only be used to determine appellant's wife's credibility and not as
substantive evidence of bad acts committed by appellant. When the wife testified during the
punishment phase, she was questioned about prior instances where she reported to the police her
husband's abusive behavior toward her and her children. She responded by saying she remembered
the police coming to her home on two occasions but could not recall the details of their discussions
and did not remember making some of the statements in the police report.

 The State then called Miller to further describe the particular events of October 7,
1998, when he responded to a report of a family disturbance in progress at appellant's home. He
testified that appellant's wife told him she was upset because she and "her husband just had a verbal
argument, she was scared, and he had left with their infant daughter." She was also upset because
appellant "would not let her leave the house, . . . and [she] was afraid that he was going to use a
shotgun on her." Miller also testified that while at appellant's home he saw a bruise on one of the
children, which, according to the wife, was a result of appellant pushing the child down the steps
because he was walking too slowly, causing the child to strike his head. The other child had a cut
lip, which the wife attributed to appellant's picking up the child and dropping him to the ground,
causing the child to bite through his lower lip.

 Appellant's counsel objected to Miller's testimony as hearsay, but the district court
ruled the testimony admissible because it fell under the excited-utterance exception. See Tex. R.
Evid. 803(2). The court further ruled that Miller's testimony was allowable as impeachment
evidence but not as substantive evidence. (1) However, at no time, either after the completion of
Miller's testimony or in the jury charge, did the court instruct the jury to use the testimony only to
assess appellant's wife's testimony. Appellant did not request the court to include a limiting
instruction in her charge to the jury.

 This issue is controlled by Hammock v. State, No. 213-00, slip op., (Tex. Crim. App.
May 23, 2001). The court of criminal appeals held that the time for a limiting instruction request
is the moment the evidence is admitted. Id. at 6, 8. "If a limiting instruction is to be given, it must
be when the evidence is admitted to be effective." Id. at 8 (citing Rankin v. State, 974 S.W.2d 707,
713 (Tex. Crim. App. 1996)). Furthermore, when it is apparent that a limiting instruction was
warranted at the time the evidence was admitted, the failure to request a limiting instruction "at the
first opportunity" results in the evidence being admitted for all purposes. Id. at 9. In this case, the
appellant did not request a limiting instruction when Miller's testimony was admitted. Because the
testimony was admitted for all purposes, the district court was not required to include a limiting
instruction in the charge to the jury. See id. at 10. We overrule appellant's second point of error. 


CONCLUSION

 Having overruled appellant's two points of error, we affirm the district-court
judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson. 

Affirmed

Filed: August 9, 2001

Do Not Publish

1. The State argues that only portions of Miller's testimony were limited to impeachment and
that the remainder was allowable as substantive evidence. Because of the many statements that
Miller testified he heard made by appellant's wife, the district court's ruling is unclear as to which
were allowed for impeachment purposes only and which were allowed as substantive evidence. We
will therefore assume all Miller's testimony was intended to be for impeachment purposes only.


de in the punishment-phase jury charge an instruction that certain portions
of Miller's testimony could only be used to determine appellant's wife's credibility and not as
substantive evidence of bad acts committed by appellant. When the wife testified during the
punishment phase, she was questioned about prior instances where she reported to the police her
husband's abusive behavior toward her and her children. She responded by saying she remembered
the police coming to her home on two occasions but could not recall the details of their discussions
and did not remember making some of the statements in the police report.

 The State then called Miller to further describe the particular events of October 7,
1998, when he responded to a report of a family disturbance in progress at appellant's home. He
testified that appellant's wife told him she was upset because she and "her husband just had a verbal
argument, she was scared, and he had left with their infant daughter." She was also upset because
appellant "would not let her leave the house, . . . and [she] was afraid that he was going to use a
shotgun on her." Miller also testified that while at appellant's home he saw a bruise on one of the
children, which, according to the wife, was a result of appellant pushing the child down the steps
because he was walking too slowly, causing the child to strike his head. The other child had a cut
lip, which the wife attributed to appellant's picking up the child and dropping him to the ground,
causing the child to bite through his lower lip.

 Appellant's counsel objected to Miller's testimony as hearsay, but the district court
ruled the testimony admissible because it fell under the excited-utterance exception. See Tex. R.
Evid. 803(2). The court further ruled that Miller's testimony was allowable as impeachment
evidence but not as substantive evidence. (1) However, at no time, either after the completion of
Miller's testimony or in the jury charge, did the court instruct the jury to use the testimony only to
assess appellant's wife's testimony. Appellant did not request the court to include a limiting
instruction in her charge to the jury.

 This issue is controlled by Hammock v. State, No. 213-00, slip op., (Tex. Crim. App.
May 23, 2001). The court of criminal appeals held that the time for a limiting instruction request
is the moment the evidence is admitted. Id. at 6, 8. "If a limiting instruction is to be given, it must
be when the evidence is admitted to be effective." Id. at 8 (citing Rankin v. State, 974 S.W.2d 707,
713 (Tex. Crim. App. 1996)). Furthermore, when it is apparent that a limiting instruction was
warranted at the time the evidence was admitted, the failure to request a limiting instruction "at the
first opportunity" results in the evidence being admitted for all purposes. Id. at 9. In this case, the
appellant did not request a limiting instruction when Miller's testimony was admitted. Because the
testimony was admitted for all purposes, the district court was not required to include a limiting
instruction in the charge to the jury. See id. at 10. We overrule appellant's second point of error. 


CONCLUSION

 Having overruled appellant's two points of error, we affirm the district-court
judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson. 

Affirmed

Filed: August 9, 2001

Do Not Publish